FRANK P. KILLEEN, Plaintiff, *v.* GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Defendant.

Supreme Court, New York County, February 21, 1928.

Insurance — liability insurance — plaintiff recovered judgment against assured of defendant in action for injuries suffered while at work on assured's building — judgment was returned unsatisfied and this action is brought under Insurance Law, § 109 — defendant's policy indemnified assured from liability on account of injuries suffered by any person not employed by assured — defense that assured failed to notify defendant of accident is not sufficient — defense of misrepresentations by assured insufficient — act of assured in having two or three laborers in building to guard against violations of Labor Law cannot be regarded as violations of terms of policy — summary judgment granted.

In this action, brought under section 109 of the Insurance Law, it appears that plaintiff, while an employee of one of the independent contractors doing work on a building owned by an assured of defendant, suffered personal injuries for which he recovered judgment against said assured on the theory of violations of certain sections of the Labor Law and of the City Code of Ordinances requiring the owner of a building to guard or cover all shafting or openings in the floor. The judgment was returned unsatisfied, and this action is brought against defendant insurance carrier whose policy covered all the work on the building and indemnified the assured from liability on account of damages and injuries accidentally suffered by any person or persons not employed by the assured by reason of performance of work let by the assured to independent contractors, or through the existence of materials intended for such work placed upon the premises.

While section 109 of the Insurance Law makes any defense available to the insurer as against the assured available in an action brought by the injured party, that fact has no application here, since defendant has failed, by affidavit or other proof, to show such facts as would warrant a finding that it is entitled to defend this action.

Defenses upon information and belief that the assured failed to promptly notify the defendant of the accident and failed to co-operate in the defense of the action are insufficient on an application for summary judgment.

A further defense that defendant was induced to issue the policy and become the insurer by misrepresentations as to extras and allowances made or paid by insured to its own employees, which affected the premium which should be due on said policy, is insufficient because any breach of contract is based upon what is at most a promissory warranty and if defendant is aggrieved because of the amount of premium computed upon a wrong basis it still has its remedy. A defense that the assured violated the terms of the policy by having certain employees in and about the building is also insufficient where it appears that said employees merely represented the assured, not in the work of the construction of the building under the terms of the policy, but in the protection of the owner against any penalty for non-compliance with the Labor Law in guarding dangerous openings and shaftings.

MOTION by plaintiff under rule 113 of the Rules of Civil Practice, for an order striking out the defendant's answer and granting plaintiff summary judgment.

*Arthur T. O'Leary*, for the plaintiff.

*James A. Nooney* [*Joseph Lahey* of counsel], for the defendant.

COTILLO, J.   The action in which this motion is made is one brought under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639).   The complaint alleges all the essential facts, to wit, that the defendant insurance company, a corporation, had a contract of insurance with the 120 West 44th Street Corporation, a copy of which is annexed to the moving papers, entitled Exhibit A.   Said policy of insurance agrees to indemnify the assured from the liability imposed by law upon the assured on account of damages and bodily injuries accidentally suffered during the policy period by any person or persons not employed by the assured, by reason of the performance of the work let by the assured to independent contractors, or through the existence of materials intended for such work placed upon the premises.   The policy also contains an agreement to contest claims, defend suits, pay all costs, etc.   The complaint further shows that the 120 West 44th Street Corporation, as owner, was about to undertake the work of the construction of a fifteen-story hotel and that all the work of erection was to be let out to independent contractors, and that all this work was covered by the policy.

It then states that on April 15, 1924, while plaintiff was employed by Francis J. Guinan Co., Inc., as independent contractors doing the steamfitting work, he sustained bodily injuries; that in an action against the 120 West 44th Street Corporation he recovered judgment for damages for said injuries on October 29, 1926, in the sum of $8,657.56; that execution was issued thereon and returned unsatisfied by reason of the insolvency of the 120 West 44th Street Corporation, and that said final judgment is still wholly unpaid and unsatisfied.

The plaintiff sued and recovered judgment against the defendant's assured in an action based on the violation by the owner of the sections of the Labor Law and of the City Code of Ordinances requiring an owner or general contractor of a building to guard and inclose or cover all shaftings and openings in floors. A further claim in the action was that the defendant's assured as owner knowingly permitted a plank or planks belonging to subcontractors to be used as a passageway or runway, which passageway or runway was unsafe, unsuitable, improper and defective.

The defendant, by its answer, admits its incorporation, admits the issuance of a policy of insurance, admits that plaintiff procured a judgment against the 120 West 44th Street Corporation, but denies knowledge or information sufficient to form a belief as to the remainder of the complaint. Defendant's answer also sets forth the following various defenses, upon information and belief:

1. That the assured failed and neglected to give immediate written notice of the accident to the defendant.

2. That upon request made by the defendant to the assured for co-operation and assistance in the investigation of the plaintiff's action, the assured neglected and refused to co-operate or assist in the investigation or preparation of the defense.

3. That among the declarations of the assured, forming part of the policy, is the following:

" 6. The assured will furnish no materials, machinery or appliances to be used in connection with the work above described, except as follows: No exceptions.

" 7. The assured will exercise no supervision or control over the work covered by this policy, except as follows: Will not supervise or control work but may visit premises to see whether work is being performed according to contract."

That the assured violated said declarations in maintaining a general superintendent to supervise the work of mechanics and laborers in connection with the construction and erection of the building, and that the assured employed carpenters, painters, laborers and other mechanics, and supplied planks, lumber and other material in the construction of the building.

4. That the policy of insurance contained the following provision:

" 1. The premium is based upon the entire cost of all work covered by this policy and described under Statement 5, including all labor and all materials delivered for use and also including all bonuses, extras or allowances of any kind made, paid or due to independent contractors engaged upon the work during the policy period or any extension thereof."

That the defendant was induced to issue the policy and become

the insurer by misrepresentation and false warranty by the assured, who failed to inform the defendant of items of labor and materials furnished and used by the assured, and failed to include in their report all bonuses, extras and allowances of any kind made or paid by the assured to its own employees engaged in the work. That this affected the premium which should be due on said policy, and that said representations by the assured were false and known to be false when made, and were made with intention to deceive and defraud the defendant.

Subsequent to the service of the answer it was mutually arranged between the attorney for the plaintiff and the attorney for the defendant that the copy of the policy set forth in the moving papers herein should be corrected by adding the words " at noon " at the end thereof, and upon such correction being made, the attorney for the defendant would admit that the copy set forth is a copy of the actual policy of insurance issued to the 120 West 44th Street Corporation, upon which this action was brought. This stipulation is set forth in Exhibit C.

The defendant on this motion filed its answer and the affidavit of the present attorney for the defendant and an attorney in charge of the claim department of the defendant. The attorney's affidavit is based entirely upon information and belief.

The contention of the defendant is that in actions brought pursuant to section 109 of the Insurance Law, any defense available to the insurer as against the insured is available in an action brought by the injured party. With this contention there can be no quarrel, as it has been repeatedly held to be the law in this State. (*Roth* v. *National A. M. Cas. Co.*, 202 App. Div. 667; *Schoenfeld* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 203 id. 796.) But in the case at bar the defendant has failed by affidavit or other proof to show such facts as may be deemed to entitle it to defend.

It is to be noted that in a letter dated October 18, 1926, defendant notified plaintiff that it had received information that plaintiff had " violated the contract of insurance by supervising and controlling work and having employees perform a portion of said work in connection with the construction of said building," and it, therefore, served a notice that if this information should develop to be correct it would " disclaim any and all liability growing out of said accident to said Frank B. Killeen and will not be responsible for any verdict or judgment which may be rendered * * * as a result of said accident." It is a serious question whether under the terms of that notice defendant did not waive all other defenses under the well-known rule in *Littlejohn* v. *Shaw* (159 N. Y. 188). However, independently of this rule, the defenses that the

assured failed to promptly notify the defendant of the accident and that it failed to co-operate in the defense of the action are insufficient, in view of the rule in *Miller* v. *Union Indemnity Co.* (209 App. Div. 455). In that case defendant, with full knowledge of the falseness of the assured's statement in all details, undertook the conduct of the case in a former action, wherein the defendant attempted to obtain a waiver from the assured by which the defendant would be able to conduct the defense without a recognition of its liability. After such refusal the insurer wrote that it would conduct the defense, but added that it disclaimed liability. The court said, referring to the insurer's conduct in the matter: " It could stand on its defense and refuse to go on, or it could abandon such defense and conduct the insured's side of the action. It could not do both. The choice of the latter course was inconsistent with the maintenance of a claim of no liability. (*Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.,* 203 App. Div. 118; *Utterback-Gleason Co.* v. *Standard Accident Ins. Co.,* 193 id. 653; affd., 233 N. Y. 549.)"

The fourth defense is insufficient because any breach thereof is based upon what is at most a promissory warranty. If the defendant is aggrieved because of the lowness of the premium computed upon a wrong basis it still has its remedy. This leaves for sole consideration the sufficiency of the breach of the third warranty which is the only one referred to in the letter of October 18, 1926. In support of this defense the defendant has not substantiated it either by affidavit on the part of some one familiar with the facts or by other proof. The testimony of the plaintiff showed that the 120 West 44th Street Corporation as owner employed an architect and a general superintendent to see that the various sub-contractors carried out their work and it employed a foreman and two or three laborers for the purpose of cleaning up outside of the building, keeping holes covered, and seeing that the provisions of the Labor Law as to guards for dangerous holes and shafts were observed. There is no evidence that the owner brought any materials into the building.

The owner did not supervise or control the work of construction, but performed his duty merely to avoid possible penalties, as the work was done by subcontractors and such owner, under the circumstances, retaining supervision of the work could not relieve itself of responsibility for any failure to comply with the statute.

In view of the general rule construing the policy strictly against the insurer, it must be assumed that the work of the superintendent, foreman and two or three laborers representing the owner was not in the work of construction of the building under the terms of

the policy, but in the protection of the owner against any penalty for non-compliance with the provisions of the Labor Law in guarding dangerous openings and passageways.

Motion for summary judgment is granted. Settle order.