LOUIS FERKIN, Appellant, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 25, TOWN OF HEMPSTEAD, Respondent.

Argued April 20, 1938; decided May 31, 1938.

*Samuel M. Ostroff, Harold L. Berkson* and *Charles L. Raskin* for appellant. Appellant having been discharged as attorney in August, 1933, he thereupon became entitled to recover the reasonable value of the services rendered by him up to the time of his discharge. (*Matter of Krooks,* 257 N. Y. 329; *Matter of Tillman,* 259 N. Y. 133; *Matter of Montgomery,* 272 N. Y. 323; *Pierce* v. *Rilovitch,* 136 Cal. App. 611; *Nelson* v. *Hatch,* 70 App. Div. 206; 174 N. Y. 546.) Under *quantum meruit* appellant is entitled to the reasonable value of his entire services. (*Nelson* v. *Hatch,* 70 App. Div. 206; 174 N. Y. 546; *Tillman* v. *Komar,* 259 N. Y. 133; *Matter of Montgomery,* 272 N. Y. 323.) Assuming, but not conceding, that the

extension agreement of July 5, 1933, was invalid, the original prior agreements, nevertheless, remained valid. (*Central New York T. & T. Co.* v. *Averill*, 199 N. Y. 128; *Saratoga State Waters Corp.* v. *Pratt*, 227 N. Y. 429; *Messersmith* v. *American Fidelity Co.*, 187 App. Div. 35; 232 N. Y. 161; *Utica Ins. Co.* v. *Kipp*, 8 Cow. 20; *Utica Ins. Co.* v. *Scott*, 19 Johns. 1; *Cook* v. *Barnes*, 36 N. Y. 520; *Leary* v. *Miller*, 61 N. Y. 488; *Philadelphia Loan Co.* v. *Towner*, 13 Conn. 249; *Mancourt-Winters Coal Co.* v. *Ohio & Michigan Coal Co.*, 218 Mich. 449; *Tearney* v. *Marmiom*, 103 W. Va. 394; *Gerwig* v. *Sitterly*, 56 N. Y. 214; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124; *Thompson* v. *Thompson*, 232 App. Div. 488; 258 N. Y. 626.) The extension agreement of July 5, 1933, was valid. (*Wait* v. *Ray*, 67 N. Y. 36; *Lorenz* v. *Board of Education*, 264 N. Y. 591; *Williams* v. *Keech*, 4 Hill. 168; *Gillis* v. *Space*, 63 Barb. 177; *Potter* v. *City of New York*, 59 App. Div. 70; *Bell* v. *City of New York*, 46 App. Div. 195.)

*James F. Mulcahy* and *William H. Daly* for respondent. The act of the outgoing board in selecting counsel for future boards in respect of future construction and future land acquisition, not yet authorized by the electorate of the school district, was a usurpation of power. (*Connelly* v. *Kingston*, 32 Misc. Rep. 489; *Vacheron* v. *City of New York*, 34 Misc. Rep. 420; *Mack* v. *Mayor*, 37 Misc. Rep. 371; 82 App. Div. 637; 176 N. Y. 573; *Abrams* v. *Horton*, 18 App. Div. 208; *Beers* v. *New York Life Ins. Co.*, 66 Hun. 75; *Clifford* v. *Firemen's Mut. Benefit Assn.*, 232 App. Div. 260; 259 N. Y. 547; *Carney* v. *New York Life Ins. Co.*, 162 N. Y. 453; *Jay County* v. *Taylor*, 123 Ind. 148; *McCormick* v. *Hanover Township*, 246 Penn. St. 169; *Willett & Willett* v. *Calhoun County*, 217 Ala. 687.) The duration of the plaintiff's appointment must be determined from the illegal contract of July 5, 1933. As to the length of his term of office the contract is complete upon its face, it merged all prior negotiations, and

the plaintiff cannot now invoke the prior superseded contracts. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134.) The plaintiff cannot recover on *quantum meruit.* (*McDonald* v. *Mayor*, 68 N. Y. 23; *Matter of Kandel* v. *Greene*, 236 App. Div. 607; *Matter of Wiedersum*, 242 App. Div. 653; *New York Inter-Urban Water Co.* v. *City of Mount Vernon*, 185 App. Div. 305.) The 1931 contracts are also void because illegal and contrary to public policy. (*Barry* v. *Mulhall*, 162 App. Div. 749; *Doucet* v. *Massachusetts B. & I. Co.*, 180 App. Div. 599; *Westchester* v. *Harrison*, 249 App. Div. 828; *Massachusetts Bank* v. *Shinn*, 163 N. Y. 360; *Parthey* v. *Beyer*, 228 App. Div. 308.)

HUBBS, J.   On February 7, 1931, the appellant, an attorney, entered into a contract with the respondent, a board of education, for services in connection with the submission to the voters of the school district of a proposition for construction of an addition to the district school house and the carrying out of the proposition, if approved, upon the basis of a fee of one per cent upon the gross amount of any bond issue involved.

On April 30, 1931, the original agreement was modified by a supplemental contract providing that if the original proposal should be rejected by the voters, any alternative proposal approved within two years from the date of rejection of the original proposal should be deemed within the provisions of the agreement.

On August 3, 1931, a third contract was made which provided for a like compensation, contingent upon adoption by the voters of a proposition for acquisition of an' additional school site or sites, or any alternative proposition for the acquisition of any other site or sites submitted and approved within two years of the time of rejection of the original.   The subject-matter covered by this contract differed from the subject-matter of the first two contracts.

On December 15, 1931, original propositions covering sites and construction were submitted to the voters and disapproved. Thereafter the board continued to consider and plan for a resubmission of the matter to the voters.

Undoubtedly the contracts entered into prior to July 5, 1933, were valid and within the power of the board to make. (6 McQuillin on The Law of Municipal Corporations, p. 220; *People ex rel. Kiehm* v. *Board of Education,* 198 App. Div. 476.)

On July 15, 1933, avowedly for the purpose of protecting appellant as to services already rendered, and in anticipation of a change in the personnel of the board, a further contract was entered into extending the aforementioned contracts to cover alternative propositions which might be submitted and approved within two years from July 5, 1933.

At the August, 1933, meeting of the district, four new members were elected to the board. The new board selected another attorney. Appellant, in October, learning that consideration was being given to the matter of preparing for submission a new proposition, appeared before the board and tendered his services, which tender was acknowledged in writing by the board, and his offer rejected. At the time appellant tendered his services the 1931 contracts were in full force and effect. The new proposition was not submitted to the voters until 1934, subsequent to the expiration date provided for in the 1931 contracts, but within the time provided for under the 1933 contract. In January, 1934, the appellant commenced this action to recover for the fair and reasonable value of services rendered prior to the 1st day of August, 1933. That amount the trial court found to be $3,000 and rendered judgment accordingly. The Appellate Division unanimously reversed on the law, holding the contract of July, 1933, to have been beyond the authority of the outgoing board to make.

Assuming, without deciding, that the Appellate Division was right in so holding, the question remains whether the so-called illegal contract had the effect of nullifying the previous legal contracts. There is nothing in the supplemental agreement which evidences an intent that the agreement should be substituted for or operate to nullify the original agreements. True it is that in stating the extended time applicable, it measures the time from the date of the supplemental agreement rather than from the expiration date provided for under the original agreement, but the effect is the same. If the extension cannot be upheld it is unnecessary to say that the original agreements are for that reason made null and void. The original agreements were supported by consideration and are not dependent upon the new agreement for support. (*Cook* v. *Barnes*, 36 N. Y. 520; *McCurdy* v. *Dillon*, 135 Mich. 678; 12 Am. Jurisprudence, pp. 737, 1013; 6 Ruling Case Law, p. 923.)

Even if the supplemental agreement were to be held invalid, what was said in *Messersmith* v. *American Fidelity Co.* (187 App. Div. 35, 37; affd., 232 N. Y. 161) is applicable: " An obligation will be enforced, though indirectly connected with an illegal transaction, if it is supported by an independent consideration, so that the plaintiff does not require the aid of the illegal transaction to make out his case." (Anson on The Law of Contracts [Am. ed. by Huffcut], § 261, p. 253; Salmond & Winfield on The Law of Contracts, p. 156.)

As to the original contracts, it cannot be said that they were made with intent to limit the power of a future board. They were made by a board which had a definite purpose in mind, namely, to avoid a duplication of charges should a first proposition be rejected and a new one prepared for presentation. True it is that, through delay in submission of the first proposition, the time limited chanced to extend over into a period in which the board had a different personnel. No intent to effect that result is suggested.

Neither was there anything in the original contracts which required the new board to continue the services of the appellant. It could terminate his employment, as it did, and procure other counsel. Likewise, it could continue his services and take advantage of the benefits secured by the contracts. The board could not, however, terminate his employment and deprive him in a manner not provided for in the contract of just compensation for services actually rendered. By terminating his employment it fixed his right to recover upon a *quantum meruit* basis. (*Matter of Weitling*, 266 N. Y. 184; *Matter of Krooks*, 257 N. Y. 329; *Matter of Montgomery*, 272 N. Y. 323.)

It should be borne in mind that appellant seeks nothing for services rendered for the new board — merely for those rendered during continuance in office of the board for which the work was done and by which he was hired. His right of action accrued, not on expiration of the time limited by either contract, but rather at the time of his discharge. (*Matter of Tillman*, 259 N. Y. 133.)

The court below, having rested its decision on the assumed illegality of the 1933 contract, a question we deem unnecessary to determine, and having assumed that the 1933 contract was a substitute for the prior contracts, failed to give consideration to the fact that the appellant's right of action accrued when his services were terminated by the board. Whether the 1933 contract be deemed legal or illegal, it was not of such a nature that its illegality would render null and void the 1931 contracts. The 1931 contracts, either as originally made, or as modified by the 1933 agreement, were in effect when he was discharged. It matters not that his contract but for the extension would have terminated in December, 1933, or that a proposition was or was not subsequently approved. What happened after the termination of his employment is unimportant. His right had then become fixed and that right was to recover on a *quantum meruit* basis. (*Matter of Tillman, supra.*)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., dissents on the ground that there has been no discharge under the valid contract but a refusal to accept services under the second and concededly invalid contract.

Judgment accordingly.