Felix Lesk, Respondent, *v.* London & Lancashire Indemnity Company of America, Appellant.

Edward Timms, Respondent, *v.* London & Lancashire Indemnity Company of America, Appellant.

444

Submitted May 20, 1941; decided July 29, 1941.

*H. Bradley Moore* for appellant. Where a contract fixes the time of performance, the rule of reasonable time has no application. (*Lipman* v. *Niagara Fire Ins. Co.,* 121 N. Y. 454.) The right to cancel a policy of insurance is distinguishable from the automatic lapse of a policy of insurance because of non-payment of premium. (*Penrose* v. *Metropolitan Life Ins. Co.,* 163 Misc. Rep. 241.)

*Douglas E. Brown* for respondents. If the "notice of cancellation" was sufficient, cancellation was not effected until November 9, 1938. (*Gillette* v. *Utica Fire Ins. Co.,* 156 Misc. Rep. 639; *Rose Inn Corp.* v. *National Union Fire Ins. Co.,* 229 App. Div. 349; *Penrose* v. *Metropolitan Life Ins. Co.,* 163 Misc. Rep. 241.) The notice served was ineffective because it did not comply with the terms of the insurance contract. (*Van Valkenburgh* v. *Lenox Fire Ins. Co.,* 51 N. Y. 465; *Sherri* v. *National Surety Co.,* 243 N. Y. 266; *Matter of Otterbein* v. *Babor & Comeau Co.,* 272 N. Y. 149; *Matter of Garelick* v. *Rosen,* 274 N. Y. 64.)

*Maurice Brandt* for Old Iron & Steel Corporation, *amicus curiæ.* The effective expiration time of the policy was either midnight of November eighth, or twelve o'clock noon of November ninth, but in either event the policy was in full force and effect when the accident occurred on November eighth at five-fifteen P. M. (Cons. Laws, ch. 22, §§ 24, 25; *Gillette* v. *Utica Fire Ins. Co.,* 156 Misc. Rep. 639.)

CONWAY, J. These are appeals from the unanimous affirmances by the Appellate Division of two judgments entered upon orders striking out the defendants' answers in two actions and granting plaintiffs summary judgments.

Defendant issued its policy of automobile liability insurance for a period of one year commencing on the 24th day of January, 1938,' to the Old Iron & Steel Corp. The plaintiffs sued that latter corporation and William Shearer to recover damages for injuries sustained by reason of an accident in which an automobile truck, owned by the said corporation, and operated by Shearer, was involved. The defendant insurer refused to defend the actions, claiming that the policy of insurance had been canceled prior to the occurrence. The plaintiffs had judgments against the Old Iron & Steel Corp. and Shearer and, no part of said judgments having been paid, brought this action under former section 109 of the Insurance Law (Cons. Laws, ch. 28 [see now, § 167]) to recover the amount of the judgments from the defendant insurer.

The accident occurred at five-fifteen P. M. on the 8th day of November, 1938, and the only question presented is whether the policy had been canceled before that time.

The material clause of the policy reads as follows:

" 7. CANCELLATION. This policy may be cancelled by the named Insured by *mailing* written notice to the Company stating when *thereafter* such cancellation shall be effective, in which case the Company shall, upon demand, refund the excess of premium paid by such Insured above the customary short rate premium for the expired term. This policy may be cancelled by the Company by *mailing* written notice to the named Insured at the address shown in this policy stating when *not less than five days thereafter* such cancellation shall be effective, and upon demand the Company shall refund the excess of premium paid by such Insured above the pro rata premium for the expired term. *The mailing of notice as aforesaid shall be sufficient proof of notice and the insurance under this policy as aforesaid shall end on the effective date and hour of cancellation stated in the notice.* * * * "

On November 2, 1938, the defendant insurer sent to the Old Iron & Steel Corp. by registered mail, the following notice:

" Take notice that the London & Lancashire Indemnity Company of America *hereby cancels* its Policy No. A4529222 in accordance with the conditions thereof and that all further liability of said Company under said Policy will absolutely cease at 12 o'clock NOON Standard Time November 8th, 1938.

" The premium not having been paid to the Company, formal demand is now made upon you for earned premium to date of cancellation, amounting to $80.52."

November 8, 1938, was Election Day, a holiday. The accident occurred some five hours after noon on that day.

General Construction Law (Cons. Laws, ch. 22), sections 20 and 25, read as follows:

" § 20. Day, computation. A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days. In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

" § 25. Holiday in contractual obligations. Where a contract by its terms requires the payment of money or the performance of a condition on a public holiday, such payment may be made or condition performed on the next business day succeeding such holiday, with the same force and effect as if made or performed in accordance with the terms of the contract."

The cancellation became effective at the time stated in the notice, provided that was not less than five days after the *mailing* of the written notice to the insured. The word " thereafter," italicized in the second sentence of the policy provision " 7," has no significance unless it refers back to

the word " mailing," the tenth word of the sentence. Since the date of *mailing* was November 2d, November 8th was " not less than five days thereafter," and the cancellation became effective then unless General Construction Law, sections 20 or 25, is applicable.

Section 20 provides for the exclusion, from a specified period of days, of the calendar day from which reckoning is made, *i. e.*, the date of the mailing of the notice, and, in addition, for the exclusion of a public holiday from the reckoning if it be the last day of such a period. In the instant case, if we exclude November 2d, the mailing date, the five days required would not have expired on November 8th but on the day before. There would have been five intervening days ending with November 7th. A calendar day, of course, includes the time from midnight to midnight. (General Construction Law, § 19.)

Section 25 by its terms applies to a contract *requiring* the payment of money or the performance of a condition on a public holiday and permits such payment or performance of condition on the next succeeding business day. The notice of cancellation here did not require the payment of money nor the performance of any condition. The tender of a premium by the insured would not have affected the notice already given. The earned premium was demanded only to the date of cancellation. The insured could not have compelled the continuance of the policy upon payment of any sum. The period of " not less than five days " was prescribed in order that the insured might obtain other insurance before the effective date of the cancellation, if he so desired.

General Construction Law, section 25, was amended in 1902 (L. 1902, ch. 39) after the decision of the case of *Page* v. *Shainwald* (169 N. Y. 246, 251). There the plaintiff and defendant had agreed that the latter would, upon request, purchase plaintiff's stock, at a price named, on the 1st day of January, 1898. The plaintiff tendered his stock and made request for performance on January 3d, claiming timeliness in view of the fact that January 1st was a holiday

and January 2d was Sunday. This court, distinguishing between Sundays and holidays, held that the option had expired, saying: "Indeed, in only two respects has the legislature attempted to interfere with the ordinary course of business whether public or private on a holiday other than Sunday. The first act provides that a negotiable instrument maturing on a holiday is payable on the next succeeding business day (Laws 1887, ch. 289), and the second that holidays shall be considered as Sunday for all purposes whatsoever, as regards the transaction of business in the public offices of the state or of the counties of the state. (Laws 1897, ch. 614, § 1.)" (See, also, *Jessar Realty Corp.* v. *Friedman Realty Co.*, 253 N. Y. 298.)

The amendment of the statute does not help the plaintiffs since there was neither payment of money nor performance of condition required or contemplated by the notice of cancellation.

The use of the present tense in the notice of cancellation — "hereby cancels" — was proper although the effective date was six days after the date of mailing. (*Van Valkenburgh* v. *Lenox Fire Ins. Co.*, 51 N. Y. 465; *Hanover Fire Ins. Co.* v. *Wood*, 209 Ala. 380; *German Union Fire Ins. Co.* v. *Clarke Co.*, 116 Md. 622.)

The judgments should be reversed and pursuant to the stipulation of the parties, judgment directed in favor of defendant in both actions, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgment accordingly.