KATHERINE McGOLDRICK, Respondent, *v.* FAMILY FINANCE CORPORATION, Appellant.

Argued January 6, 1942; decided March 5, 1942.

*Julius Winn* for appellant.  The acceptance by a licensed lender of an accommodation co-maker who is already

indebted as a borrower does not violate the provisions of article 9 of the Banking Law (Cons. Laws, ch. 2) provided the aggregate amount of the total indebtedness does not exceed $300. (*Goldberg* v. *Albert*, 161 Misc. Rep. 281; *Domestic Finance Corp.* v. *Zcerwinski*, 29 N. Y. Supp. [2d] 588; *Blanchard* v. *Blanchard*, 201 N. Y. 134.) An accommodation co-maker is not a borrower. (*Haddock, Blanchard & Co.* v. *Haddock*, 192 N. Y. 499; *Wilson* v. *Randall*, 67 N. Y. 338; *Geiler* v. *Littlefield*, 148 N. Y. 603; *Wills* v. *Investors Bankstocks Corp.*, 257 N. Y. 451; *Payne* v. *Gardiner*, 29 N. Y. 146; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159; *Jacobs* v. *Monaton Realty Inv. Corp.*, 212 N. Y. 48; *Buckingham* v. *Corning*, 91 N. Y. 525; *Vilas & Bacon* v. *Jones & Piercy*, 1 N. Y. 274; *Blanchard* v. *Blanchard*, 201 N. Y. 134; *Goldberg* v. *Albert*, 161 Misc. Rep. 281.)

*William H. Schreiber* and *Samuel Lander* for respondent. The judgment was just and proper. (*Wolf* v. *City of New York*, 175 Misc. Rep. 569; *Family Finance Corp.* v. *Mück*, 176 Misc. Rep. 753; *Capital Loan & Sav. Co.* v. *Biery*, 134 Ohio St. 333; *Houghton* v. *Thomas*, 220 App. Div. 415; 248 N. Y. 523; *Regal Shoe Co.* v. *General Outdoor Adv. Co.*, 250 App. Div. 54; 276 N. Y. 522; *Horn* v. *Bennett*, 253 App. Div. 630; *Blair* v. *Wait*, 69 N. Y. 113; *Matter of Radner*, 36 Fed. Supp. 964; *Vaughn* v. *Graham*, 121 S. W. Rep. [2d] 222; *London Realty Co.* v. *Riordan*, 148 App. Div. 854; 207 N. Y. 264; *Equity Service Corp.* v. *Agull*, 250 App. Div. 96.)

LEHMAN, Ch. J. The defendant corporation is engaged in " the business of making loans of money, credit, goods, or things in action in the amount or of the value of three hundred dollars or less * * *." It has obtained a license from the Superintendent of Banks in accordance with the provisions of article IX of the Banking Law (Cons. Laws, ch. 2), and it may charge, contract for and receive interest " not exceeding three per centum per month on any part of the unpaid principal balance of the loan not in excess of one hundred and fifty dollars and two and one-half per

centum per month on any remainder of the unpaid principal balance of the loan." (§ 352.) To protect borrowers against devices calculated to thwart the purpose of the restriction upon the interest it may charge, the same section provided: " No licensee shall induce or permit any borrower or borrowers to split up or divide any loan or loans nor shall any licensee permit any borrower, nor any husband and wife individually or together, to be indebted to him under more than one contract of loan at the same time."

In June, 1938, the plaintiff borrowed from the defendant the sum of $100. As security for the loan the plaintiff executed and delivered an assignment of her wages to the defendant. In September, 1938, while the sum of $85 remained unpaid upon the loan, the defendant loaned the sum of $180 to one James J. Golden and his wife, Margaret Golden, and received a note for that amount, signed by them and by this plaintiff as co-maker, which, among other things, provided that " we, the undersigned, jointly and severally, promise to pay to the order of Family Finance Corporation * * * One Hundred Eighty Dollars," and that " the undersigned acknowledges receipt of a loan in the amount of $180 from Family Finance Corporation." The plaintiff at the same time executed and delivered to the defendant another assignment of her wages as security for her obligation under the note which she signed for the accommodation of the borrowers.

Thereafter the loan of $100 to the plaintiff was increased to the sum of $140 and a note was executed by the plaintiff for that amount. At that time the loan to James J. Golden and his wife had been reduced and the total of the loan made to them and the loan to the plaintiff has at all times been under the sum of $300. In February, 1940, after default in payment of the note which the plaintiff had signed as co-maker for the accommodation of the Goldens, the defendant filed with plaintiff's employer the wage assignment executed by the plaintiff to secure her obligation upon that note. The wage assignment given by the plaintiff to secure repayment of the loan made to her has never been filed.

The Banking Law provides that the violation of the provisions of specified sections of the statute, including section 352, shall constitute a misdemeanor and that " any contract of loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a misdemeanor under this section, shall be void and the lender shall have no right to collect or receive any principal, interest, or charges whatsoever." (§ 358.) The plaintiff, claiming that the defendant was guilty of a misdemeanor when it made the loan in September, 1938, evidenced by the note which the plaintiff signed as co-maker while the plaintiff remained indebted to the defendant upon the loan made to her in June of that year, and thereafter was again guilty of misdemeanor when the loan made to her in June was " refinanced " or increased to the sum of $140 while she remained indebted to the defendant upon the note she signed as co-maker, has brought an action to compel the defendant to cancel and surrender the notes and wage assignments given in connection with such violations. After the answer was filed, judgment in favor of the plaintiff was granted upon the plaintiff's motion.

The note which the plaintiff signed as co-maker for the accommodation of James J. Golden and his wife in order to enable them to borrow money from the defendant, constitutes, it is clear, a " contract of loan " and under that contract the plaintiff assumed an unconditional obligation to pay the loan. Though the relationship between an accommodation party to an instrument and the person accommodated may be analogous to that of principal and surety, an accommodation maker is liable to a holder for value of the instrument in accordance with the terms of the instrument, unaffected by the fact that the consideration for the making of the instrument was paid to another. (Negotiable Instruments Law, § 55 [Cons. Laws, ch. 38]). Under the contract embodied in the note the plaintiff assumed the liability of a principal, not the liability of a surety. (*National Citizens' Bank* v. *Toplitz*, 81 App. Div. 593; affd., but on a different ground, 178 N. Y. 464.) It

follows that the defendant violated the provisions of section 352 of the Banking Law when it permitted the plaintiff to become or remain indebted to it under the contract of loan made to the plaintiff and at the same time under the contract of loan to the Goldens, which the plaintiff agreed to pay by signing the note as a co-maker for the borrowers. (See *Westville & Hamden Loan Co.* v. *Pasqual,* 109 Conn. 110.) Possible doubt as to the nature and effect of the contract of loan evidenced by the note signed by the plaintiff as co-maker and secured by the assignment of her wages, would be removed by the provisions of section 355 of the statute. The plain language of the statute cannot be changed by any administrative ruling. Nor can the courts grant exemption from the penalty imposed by the statute.

The judgment should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.