Evelyn De Persia et al., Appellants-Respondents, *v.* Merchants Mutual Casualty Company, Respondent-Appellant, and Automobile Club Discount Corporation, Impleaded Defendant, Respondent-Appellant.

Second Department, July 3, 1944.

*Solomon R. Agar* and *Seymour Kempner* for plaintiffs-appellants and respondents.

*Arthur K. Wing* and *James G. Purdy* for defendant Merchants Mutual Casualty Company, respondent and appellant.

*Charles E. Powers* for defendant Automobile Club Discount Corporation, respondent and appellant.

*Per Curiam.* The plaintiffs recovered judgments for personal injuries against one Arroyo, who was the owner and operator of a motor vehicle in which the plaintiffs were riding as passengers. Upon the return of executions unsatisfied, the plaintiffs brought this action against the Casualty Company upon the policy of liability insurance originally issued by the Casualty Company to Arroyo. The policy period included the date of the accident. The Casualty Company pleaded as a defense that the policy had been canceled before the date of the accident by virtue of a power of attorney contained in a certain written agreement between Arroyo and the impleaded defendant, Automobile Club Discount Corporation. The burden of

proof of such cancellation was upon defendant Casualty Company. (*C. P. I. Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608.) As authority for the cancellation, defendant Casualty Company produced the contract between Arroyo and the Discount Corporation. If that contract were valid, it would be a sufficient authorization upon which the Casualty Company would be entitled to rely in canceling the policy (*First Trust & Deposit Co.* v. *Middlesex Mut. F. Ins. Co.*, 259 App. Div. 80, affd. 284 N. Y. 747 on another ground; *C. P. I. Co.* v. *Ætna Ins. Co., supra*), but that contract was actually void upon its face. The Discount Corporation was an unlicensed lender. The contract indicated that a charge equivalent to 14.85% per annum was made for the loan. By article IX of the Banking Law the Discount Corporation was limited to 6% per annum, and the contract was, therefore, absolutely void as to Arroyo. (Banking Law, §§ 340–365; *Equity Service Corporation* v. *Agull*, 250 App. Div. 96; *Stuback* v. *Sussman*, 8 N. Y. S. 2d 141, affd. 256 App. Div. 903, affd. 281 N. Y. 719; *London Realty Co.* v. *Riordan*, 207 N. Y. 264.) Consequently, it is equally void as to these plaintiffs, who stand in the same legal position as Arroyo and have the same rights. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271, 275; *Devitt* v. *Continental Casualty Co.*, 269 N. Y. 474; *Fox* v. *Employers' Liability Assur. Corp., Ltd.*, 243 App. Div. 325, affd. 267 N. Y. 609; *Killeen* v. *General Acc., Fire & Life Assur. Corp., Ltd.*, 131 Misc. 691, affd. 224 App. Div. 719; *Roth* v. *National Automobile Mutual Casualty Co.*, 202 App. Div. 667; *Schoenfeld* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 203 App. Div. 796; *Lesk* v. *London & Lancashire Indemnity Co.*, 286 N. Y. 443.) If the Discount Corporation had been a licensed lender, the result would be the same because the Banking Law (§ 353 ) prohibited a licensed lender from taking any power of attorney and a violation of that provision rendered the contract void. (*Reich* v. *Railroad Employees' Personal Loan Co.*, 265 App. Div. 1047, affd. 291 N. Y. 714; *McGoldrick* v. *Family Finance Corp.*, 287 N. Y. 535; *Rosenblum* v. *Family Finance Corp.*, 179 Misc. 1050, affd. 266 App. Div. 872; see also *Pollack* v. *Madison Long Island Personal Loan Co.*, 176 Misc. 78, and *Family Finance Corp.* v. *McNeilage*, 178 Misc. 263.) Thus, whether the Discount Corporation was a licensed lender or an unlicensed lender, the contract, which included the power, was void upon its face. Such an instrument did not constitute any authority for the Casualty Company to cancel the policy. Arroyo was not *in pari delicto* with the Discount Corporation.

(*Irwin* v. *Curie,* 171 N. Y. 409; Restatement, Contracts, § 604.) That rule necessarily applies since the courts have upheld the right of a borrower to recover from the lender (cases cited, *supra*). A provision of the Banking Law (§ 358) provides that nothing in that section is to be deemed to include the borrower. In addition, the rule is that an obligation will be enforced, though indirectly connected with an illegal transaction, if it is supported by an independent consideration, so that the plaintiff does not require the aid of the illegal transaction to make out his case. (*Ferkin* v. *Board of Education,* 278 N. Y. 263, quoting with approval from *Messersmith* v. *American Fidelity Co.,* 187 App. Div. 35, 37, affd. 232 N. Y. 161.) The insurance policy involved here was an independent obligation, supported by an independent consideration, and neither Arroyo nor the plaintiffs require the aid of any illegal transaction to make out a case. For these reasons, the plaintiffs are entitled to judgment against the Casualty Company.

Upon the appeal by plaintiffs from the judgment dismissing the complaint against defendant Merchants Mutual Casualty Company, the judgment insofar as appealed from, should be reversed on the law, with costs, and judgment directed in favor of plaintiffs against said defendant as prayed for in the complaint. The findings of fact as to this defendant are affirmed.

The cross complaint is based upon the contention of the Casualty Company that there was a misrepresentation of authority by the Discount Corporation with respect to its power to procure the cancellation of the policy. While the general rule is that a warranty of authority of the agent to act is implied where a person deals with an alleged agent for a third party (*Moore* v. *Maddock,* 251 N. Y. 420), this general rule is subject to the qualification that where there is no mistake, misrepresentation or deception as to any matter of fact, although, for some legal reason, the principal may not be bound, one party is presumed to know the law as well as the other, and each contracts at his peril as to the legal effect of what is done. (*Walker* v. *The Bank of the State of New York,* 9 N. Y. 582; *Hall* v. *Lauderdale,* 46 N. Y. 70; *White* v. *Madison,* 26 N. Y. 117; *Taylor* v. *Nostrand,* 134 N. Y. 108; *Mickles* v. *Atlantic Brokerage Co., Inc.,* 209 App. Div. 182; 3 C. J. S., Agency, § 211.) There was no finding in the court below as to the extent of any actual disclosure made by the Discount Corporation to the Casualty Company or to any duly authorized representative for the purpose of the policy cancellation. The record is not so clear that such a finding can be made here. For that reason the judgment should be reversed and a new trial granted.

Upon the appeal by the Merchants Mutual Casualty Company from that part of the judgment which dismissed the cross complaint of the Casualty Company against the impleaded defendant, Automobile Club Discount Corporation, the judgment insofar as appealed from, should be reversed upon the law and the facts, the action severed, and a new trial granted on the cross complaint, with costs to abide the event. For the purposes of a new trial, all findings of fact are reversed and conclusions of law disapproved.

In view of the above disposition of the appeal of the Merchants Mutual Casualty Company, the appeal by the Automobile Club Discount Corporation from that part of the judgment which failed to dismiss the cross complaint upon the merits, etc., and its appeal from the order denying its motion to resettle the judgment should be dismissed, without costs.

CLOSE, P. J., HAGARTY, CARSWELL, ADEL and ALDRICH, JJ., concur.

On appeal by plaintiffs from that part of the judgment which dismissed their complaint, the judgment insofar as appealed from, is reversed on the law, with costs, and judgment is directed to be entered in favor of plaintiffs against the Merchants Mutual Casualty Company as prayed for in the complaint. Findings of fact as to this defendant are affirmed.

On appeal by the Merchants Mutual Casualty Company from that part of the judgment which dismissed its cross complaint against the impleaded defendant, Automobile Club Discount Corporation, the judgment insofar as appealed from, is reversed on the law and the facts, the action is severed, and a new trial granted on the cross complaint, with costs to abide the event. For the reasons indicated in the opinion herein, and for the purposes of a new trial, all findings of fact are reversed and conclusions of law disapproved.

In view of the above disposition of the appeal of the Merchants Mutual Casualty Company, the appeal of the Automobile Club Discount Corporation from the judgment and its appeal from the order denying its motion to resettle the judgment are dismissed, without costs. [See *post,* p. 861.]