Paul J. Widlitz, J.
This is an action for a declaratory judgment brought by the plaintiff United States Fidelity and Guaranty Company (U. S. F. & G.) to determine whether the defendant Nationwide Mutual Insurance Company (Nationwide) is obligated to bear the primary responsibility under an automobile liability policy.
On April 15, 1958, the defendant Nationwide issued its policy of automobile liability insurance to the defendant Cardona. Its original expiration date of June 14, 1958 automatically renewed itself to December 14, 1958 after payment of a partial premium.
By letter dated July 9, 1958, a notice was forwarded to the defendant Cardona by Nationwide purporting to cancel the existing liability policy effective 12:01 a.m. July 20, 1958. Sometime during the day of July 20, 1958, the automobile of Cardona, while being driven by the defendant George Marks, was involved in an accident resulting in a lawsuit against Cardona as owner and Marks as driver by the defendants Pflugfelder.
Cardona advised Nationwide of the pending lawsuit, and there was a disclaimer on the part of said insurer by reason of its alleged cancellation. Thereupon defendant Cardona secured his own defense attorney. The driver Marks notified the plaintiff, U. S. F. & G., which had issued to the parents of Marks an automobile policy covering a family automobile. By the terms of its policy, the coverage of the plaintiff U. S. F. & G. with respect to the use of other automobiles is to be excess insurance under any other valid and collectible insurance policy. After receiving such notification, the plaintiff undertook to defend said defendant Marks in the action, and in this proceeding seeks to have Nationwide declared the primary insurer.
The automobile liability policy issued by the defendant Nationwide to Cardona contains the following provision:
“ 11. Cancellation
u The Policyholder may cancel this policy by mailing to the Company written notice stating when thereafter the cancellation shall be effective and earned premiums will be computed on a pro-rate basis.
“ The Company may cancel this policy or any coverage herein by mailing to the Policyholder, even if deceased, at the address *488 stated in this policy, a written notice stating when not less than 10 days thereafter snch cancellation shall be effective and the Company shall be entitled to a pro-rate premium for the time the policy has been in force. Premium refund, if any due, to be made as soon as practicable after cancellation. The Company’s check mailed or delivered shall be a sufficient tender of any refund of premium.”
The above clause permits the insurer Nationwide to cancel its policy by written notice stating when not less than 10 days thereafter cancellation shall be effective. The burden of proving the date of mailing of the notice seeking to effectuate the cancellation of the policy is upon the defendant Nationwide. (De Persia v. Merchants Mut. Cas. Co., 268 App. Div. 176, affd. without opinion 294 N. Y. 708; Crown Point Iron Co. v. Ætna Ins. Co., 127 N. Y. 608; Lesk v. London & Lancashire Ind. Co. of America, 286 N. Y. 443.)
It does not appear from the testimony when the alleged notice of cancellation was actually mailed to the defendant Cardona. He testified that he received the letter eight or nine days before the accident. The agent of the defendant Nationwide, Dave Haimson, testified that he sent a letter to Cardona on July 11, 1958 advising him of the cancellation by the defendant Nationwide. Since there has not been sufficiently established the date of mailing of the notice of cancellation, it is not possible to determine the effective date of the nullification of the policy, for the reckoning of time must start the day subsequent to the mailing. (General Construction Law, § 20; Lesk v. London & Lancashire Ind. Co. of America, 286 N. Y. 443, supra.)
Accordingly, the attempted cancellation by the defendant Nationwide was ineffective and could not work a cancellation of the policy. The defendant Nationwide is obligated under the terms of its policy to defend and indemnify the defendants Cardona and Marks, and the plaintiff U. S. F. & G. may rightfully take its position as the excess insurer.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment, with costs to the plaintiff.