Daniel Gr. Albert, J.
In this action for a declaratory judgment plaintiff seeks a judgment from this court declaring him to be an insured motorist under a contract of insurance which plaintiff alleges was in full force and effect on July 24, 1964, the date on which he met with an accident; and plaintiff also seeks a judgment for money damages in the sum of $440 against the defendant, which plaintiff claims the defendant is liable for by reason of its breach of the insurance contract between them.
The evidence indicates that in approximately 1956 defendant issued plaintiff an automobile liability insurance policy which was subsequently renewed from year to year by the issuance of so-called 1 ‘ insurance extension certificates ’ ’, the last of which extended plaintiff’s insurance coverage with the defendant company from March 6, 1964 to March 6, 1965 at an annual total *990 premium of $129.40, payable in five equal installments of $26 each.
The evidence further indicates that over the years that the defendant carried plaintiff’s automobile liability insurance that plaintiff was admittedly tardy in a number of instances in his payment of premiums, but that on each such occasion plaintiff paid his premiums and defendant accepted them, and that at no time prior to July 24,1964 did the defendant actually discontinue or terminate its liability coverage of the plaintiff, even though it had dispatched several notices of cancellation to the plaintiff for failure to pay his premium and, as previously noted, in each such instance plaintiff subsequently paid the premium and the insurance continued. There is a dispute over a similar notice which defendant claims was sent to the plaintiff indicating such a termination on June 16, 1964, but which plaintiff disclaims receiving. Defendant’s proof on this item is inconclusive and unpersuasive.
In any event plaintiff sent the defendant his check for $52 on July 7,1964, covering two installment payments, and the defendant received and cashed this check, being credited with its proceeds on July 10, 1964.
On July 24, 1964, 17 days after receipt of plaintiff’s check by the defendant, plaintiff met with an accident with one Nettie Schiffman, in which the latter is alleged to have been injured.
Immediately after the accident plaintiff advised defendant of the accident and the defendant forwarded forms to the plaintiff for the filing of an accident report with the Motor Vehicle Bureau and the plaintiff concededly filed such a report with the Motor Vehicle Bureau in Albany and forwarded a copy thereof to the defendant. On September 5 or 6, approximately two months after plaintiff had paid the premium installments then due in the sum of $52, the plaintiff received a check from the defendant dated August 31, 1964 in the sum of $52, with no letter or advice whatever accompanying this check. Plaintiff did not cash this check. Subsequently plaintiff was notified by the Commissioner of Motor Vehicles that the defendant had denied the existence of insurance liability coverage for the plaintiff at the time of the accident, alleging that the policy of insurance had lapsed. Apparently the other party to the accident, Nettie Schiffman, was reimbursed for her alleged injuries in the sum of $440 by the Motor Vehicle Accident Indemnification Corporation and the plaintiff was advised by the said agency that it was making its claim against the plaintiff for this amount and that pending payment thereof his automobile license privileges would be revoked.
*991 An important factor in this litigation is the issue as to whether or not the course of conduct and the actions by the parties over a substantial period of time have been such as to constitute a waiver of cancellation on the part of the defendant insurance company of its notices of cancellation when a payment is thereafter made by the insured, which payment when received is late, unless the insurer returns the tardy payment with written notice that it is canceling and terminating the policy of insurance because of failure to pay the premium when due. (Griffin v. Prudential Ins. Co., 43 App. Div. 499; Guardian Life Ins. Co. v. Weiser, 51 N. Y. S. 2d 771; Traynor v. John Hancock Mut. Life Ins. Co., 241 App. Div. 845.)
I am of the opinion that the acceptance and retention of the premium payment by the defendant insurer from the plaintiff on or about July 7, 1964 and the cashing of the check and the failure to advise the insured for almost two months thereafter that it has cancelled and terminated its policy of insurance, and the mere return of its own check for the sum of $52 to the plaintiff was an unfair and inordinate length of time for the defendant to withhold its notice of intention from the plaintiff, during which time the plaintiff had a right to assume and believe, particularly from past performance, that he was still insured. I believe that there was sufficient time from the date of the receipt of plaintiff’s check of July 7, until the time of the accident on July 24, 1964, for the defendant to have taken the proper and necessary steps to return the plaintiff’s payment and to advise him that his insurance coverage was cancelled so that the plaintiff would have had an opportunity to seek and obtain automobile liability coverage elsewhere if he had been advised of the intention on the part of the defendant to definitely terminate his policy of insurance. I hold that the defendant’s behavior in this instance constituted an unfair course of conduct because of the length of time which was permitted to elapse and which resulted to the detriment of the plaintiff by lulling him into a false sense of security. Accordingly judgment will be entered herein declaring the plaintiff to have been an insured motorist on July 24,1964 and permitting judgment to be entered for the money damages for which plaintiff is liable to the Motor Vehicle Accident Indemnification Corporation of the State of New York. (Boardman v. John Hancock Mut. Life Ins. Co., 279 App. Div. 1112.)