Benjamin Brenner, J.
Summary judgment is sought declaring that the third-party defendant, an insurer, is obligated to defend the defendants and third-party plaintiffs in the main action and to pay any judgment obtained against the latter.
The insurer has disclaimed under the contract of insurance, claiming that it was cancelled for nonpayment of premium prior to the date that the accident, or the basis for the primary action, occurred. The movants, however, contend that the cancellation notice was ineffective because, among other things, such notice made a Sunday the effective date of the cancellation and that, by virtue of sections 20 and 25 of the General Construction Law, such effective date became automatically extended through the following business day.
Undoubtedly, a written notice to the insured for the cancellation of a policy of automobile liability insurance becomes effective at the time stated in the notice, provided that the time stated therein is not less than the required number of days prescribed in the policy following the mailing of the notice to the insured (Lesk v. London & Lancashire Ind. Co., 286 N. Y. 443, 447). It is the insurer’s claim that more than 10 days’ notice was actually given. Thus, in the instant case, of the 10-day period required by the policy and the statute (Vehicle and Traffic Law, § 93-e, now Vehicle and Traffic Law, § 313), computed from the day after the mailing (Lesk v. London & Lancashire Ind. Co., supra; United States Fid. & Guar. Co. v. Nationwide Mut. Ins. *823 Co., 34 Misc 2d 486) to the end of the 10-day period, not occurring on a Sunday, had been conformed with, as is alleged to have occurred here, the cancellation notice, if otherwise valid, is effective to cancel the policy.
It is my view that section 25 of the General Construction Law is not applicable to the situation here, since that section by its terms applies to a contract requiring the payment of money or the performance of a condition on a public holiday or a Sunday and permits such payment or performance of condition on the next succeeding business day. The notice of cancellation here did not require the payment of money nor the performance of any condition. Indeed, the tender of a premium during the 10-day period by the insured would not have affected the notice already given (Lesk v. London & Lancashire Ind. Co., supra; Travelers Ind. Co. v. Martines, 140 N. Y. S. 2d 791).
It is also argued that the notice, as mailed, was ineffective because it was sent to an address other than that at which the insured resided and that such notice was never received. It has been held, however, that such notice of cancellation is not defective, though not directed to the actual address of the insured, if the address stated on the policy is used and the insurer has not been notified of a change thereof (Allstate Ins. Co. v. Altman, 21 Misc 2d 162; Byard v. Royal Ind. Co., 49 N. Y. S. 2d 60). Of course, the burden of proving the mailing and the date of mailing to the policy address is upon the insurer (De Persia v. Merchants Mut. Cas. Co., 268 App. Div. 176, affd. 294 N. Y. 708; United States Fid. & Guar. Co. v. Nationwide Mut. Ins. Co., supra), and the question of whether the insurer will meet that burden must await trial.
Finally, it is argued that the notice is ineffective because by its course of conduct, both prior to and subsequent to the mailing thereof, the insurer waived or has been estopped from setting up cancellation as a defense. It is, of course, true that an insurer may so waive or be estopped (Linser v. Allstate Ins. Co., 50 Misc 2d 989; Allstate Ins. Co. v. Altman, supra), but, again, this also raises a triable issue of fact for trial.
The motion to strike the third-party defendant’s answer and for summary judgment is accordingly denied.