■   MICHAEL CAPRINO, Appellant, v. NATIONWIDE MUTUAL INSURANCE CO., Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, et al., Defendants.— Judgment entered September 26, 1968, as amended November 27, 1968, declaring valid respondent's cancellation of plaintiff's automobile liability insurance policy, reversed on the law and the facts, with $50 costs and disbursements to the appellants, and a new trial directed. The burden of establishing the mailing of the notice of cancellation was on the insurer. (*De Persia* v. *Merchants Mut. Cas. Co.,* 268 App. Div. 176, affd. 294 N. Y. 708; *Crown Point Iron Co.* v. *Aetna Ins. Co.,* 127 N. Y. 608; *United States Fid. & Guar. Co.* v. *Nationwide Mut. Ins. Co.,* 34 Misc 2d 486, 488.) The presumption of the delivery of the notice does not arise until adequate proof of mailing has been adduced. The defendant's proof of its office practice and procedure followed in the regular course of business was insufficient properly to invoke the presumption and to overcome plaintiff's denial of receipt of the notice of cancellation. But under the circumstances, rather than direct a declaration in favor of plaintiff, we deem that the interests of justice warrant giving the insurance company an opportunity upon a new trial to supply further proof, if such proof exists. In a case we deem decisive (*Boyce* v. *National Commercial Bank & Trust Co.,* 41 Misc 2d 1071, affd. 22 A D 2d 848 [3d Dept., 1964]) the plaintiff sued the same insurance company, respondent herein, on a fire loss claim. The insurer disclaimed liability on the ground it had previously notified plaintiffs of the cancellation of the policy. In support of its claim of cancellation, the insurer

lacking direct proof of mailing of the specific notice presented testimony as to the interoffice procedure (as in the instant case) for processing notices of cancellation. The trial court held that the insurer had not as a matter of law established the mailing of the notice of cancellation and the Appellate Division affirmed on the ground that no other conclusion would be sustainable. In the instant case, as in *Boyce*, there are fatal gaps in the insurer's proofs. The record here lacks proof that an envelope, addressed to plaintiff, containing the notice of cancellation, was among the 95 pieces of mail delivered to the post office. Although the post office employee stamped a mailing list, and signed for the pieces of mail, there was no showing that these were the same 95 pieces of mail which were delivered to the messenger (an independent contractor) for delivery by him to the post office. The messenger was not called as a witness and there is no testimony as to what he actually did with the mail delivered to him on that particular day, including the letter addressed to plaintiff, nor as to his usual practice and procedure with respect to mail delivered to him by Nationwide. As in *Boyce*, there was a failure here by the post office employee to check or compare the addresses on the envelopes presented with the addresses on the mailing list stamped by the employee. Nor did he compare the names on those envelopes with the names on the list. In the circumstances and on the entire record, we conclude that a finding of a proper mailing to the plaintiff of the notice of cancellation of the policy is against the weight of the evidence. Concur — Eager, J. P., Capozzoli and Nunez, JJ.; McNally and Tilzer, JJ., dissent in the following memorandum by McNally, J.: I vote to affirm. The issue is whether plaintiff's automobile liability policy was effectively canceled prior to May 6, 1967 on which date the covered vehicle was involved in a motor vehicle accident. Plaintiff failed to pay the premium on April 8, 1967 when it was due. The mail clerk employed by defendant-respondent testified that on April 13, 1967 he placed a notice advising plaintiff that his policy of insurance was canceled effective April 25, 1967 in an envelope addressed to the plaintiff at his home address, that the proper postage was placed on the envelope, that he compared the name on the envelope with the mailing list containing the names of 95 policyholders to whom notices of cancellation were to be mailed on that day, and when he compared them they corresponded correctly. He then noted the total postage on the firm mailing list at the rate of 5¢ per name, and the firm mailing list and the 95 letters each containing a notice of cancellation, including the letter addressed to the plaintiff, were delivered to an independent contractor who daily delivered these letters to the White Plains post office for mailing and who brings the mailing list to the post office where it is receipted and returned to the defendant-respondent. The mailing list was placed in evidence. It contains the plaintiff's name and address and the postal stamp and signature of the postal employee receiving the pieces of mail. The mail clerk testified that the procedure followed was the regular course of business or daily office practice of the defendant-respondent. The postal employee identified his signature and testified that the independent contractor had on April 13, 1967 deposited at the White Plains post office 95 pieces of mail from the defendant-respondent, together with the mailing list which the postal employee stamped and signed and returned to the independent contractor. The postal employee further testified that he knew the independent contractor to be the person who daily brings defendant-respondent's mail together with the mailing list to the post office. There is a presumption in law that a letter properly addressed, stamped and mailed is duly delivered to the addressee. (*Gardam & Son* v. *Batterson*, 198 N. Y. 175, *Aetna Ins. Co.,* v. *Millard*, 25 A D 2d 341; 21 N. Y. Jur., § 140, p. 279; Fisch, New York Evidence, § 1138, p. 568.)

The defendant-respondent established prima facie the actual mailing of the notice of cancellation to the plaintiff. Plaintiff's denial of the receipt of the notice presented an issue of fact. (*Aetna Ins. Co.* v. *Millard, supra*, p. 343.) In the light of the attempted payment of the premium by check dated May 5, 1967, one day prior to the accident on May 6, 1967 mailed in an envelope postmarked May 7, 1967, the fact issue was properly resolved by Trial Term in favor of defendant-respondent. *Boyce* v. *National Commercial Bank & Trust Co.* (41 Misc 2d 1071, affd. 22 A D 2d 848) cited and strongly relied on by the majority is clearly distinguishable and inapplicable. In *Boyce*, the insurer failed to produce a witness from the mail department to testify concerning the sealing and stamping of the envelopes and also failed to produce the mail messenger to establish that he checked the addrresses on the certified mail sheet with the addresses on the envelopes addressed to the various insureds. In the instant case, the evidence establishes the various steps of mailing in detail and there is a complete chain of evidence from the preparation of the notice of cancellation, its check against the list of persons whose policies were to be canceled, including the plaintiff, the postage, the delivery to the post office and the receipt of all notices consisting of 95 pieces of mail by the postal clerk. Moreover, the *Boyce* case was not decided as a matter of law, but as an issue of fact. The trial court held (pp. 1076–1077) : " It is my opinion that the defendant Nationwide has not established as a matter of law that notice of cancellation of the fire insurance policy involved was given to the plaintiffs or the defendant bank and that the evidence presented does not sufficiently establish delivery of notice of cancellation to either the plaintiffs or the defendant bank." The trial court simply held there was not enough evidence to establish mailing as a matter of law, and that as a matter of fact, it failed to find the evidence of mailing sufficient. The holding in *Hastings* v. *Brooklyn Life Ins. Co.* (138 N. Y. 473) cited by the trial court in *Boyce* (*supra*) is to the same effect and reinforces the premise that the issue was decided solely on the facts rather than the law. Neither the trial court nor the Appellate Division held that the proof of mailing in *Boyce* (*supra*) was insufficient as a matter of law. In the instant case the trial court properly decided the factual issue on this record in favor of the defendant-respondent.