## THIRD DEPARTMENT, FEBRUARY, 1974

## (February 7, 1974)

■ Ross J. Capra, Jr., et al., Respondents, v. Lumbermens Mutual Casualty Co., Respondent, and Public Service Mutual Insurance Co., Appellant.— Appeal from a judgment of the Supreme Court, entered May 31, 1973 in Schenectady County, upon a decision of the court at a Trial Term with an advisory jury. This is an action for a declaratory judgment seeking to determine whether a policy of insurance issued by the respondent Lumbermens Mutual Casualty Co. (Lumbermens) to one Richard Price was in effect on the date of an accident between the present plaintiffs and Price. A negligence action by the plaintiffs against Price is presently pending. The appellant Public Service Mutual Insurance Co. will be exposed to liability under an uninsured motorist endorsement in a policy issued to plaintiffs in the event there is no coverage by Lumbermens. Initially, summary judgment was granted against Lumbermens, but we reversed and granted summary judgment in favor of Lumbermens. Our decision was subsequently reversed by the Court of Appeals and the case was remanded for a trial of factual issues (*Capra* v. *Lumbermens Mut. Cas. Co.*, 37 A D 2d 190, revd. 31 N Y 2d 760). Lumbermens initially issued a policy to Price under the Assigned Risk Plan which was to be effective for one year, from April 15, 1965 to April 15, 1966, and which would be subject to renewal in each of the two subsequent years. The accident occurred on December 3, 1966, and it is contended by Lumbermens that the policy had been terminated by nonrenewal at the end of its first year. It is not disputed that no premiums were paid for a first renewal, but as previously stated, the policy " would have continued in full force and effect if the insurer failed to comply with the relevant provisions. of the Assigned Risk Plan " (31 N Y 2d 760, 762, *supra*). The provision here in issue is subdivision 2 of section 14 of the Assigned Risk Plan- as approved by the Superintendent of Insurance pursuant to section 63 of the Insurance Law, which requires that at least 45 days prior to the inception date of a renewal policy " the insurer shall notify " the policyholder that a renewal policy will be issued provided that the stipulated renewal premium is remitted at least 15 days prior to the inception date. In determining that a proper evidentiary showing had not been made warranting a grant of summary judgment to either party, the Court of Appeals remanded for a trial upon the issue of whether the afore-mentioned 45-day notice " was sent to the insured " (*supra*, p. 762). On the trial of this issue, Lumbermens' evidence consisted solely of three exhibits, one of which was a copy of the 45-day notice which was purportedly mailed, the other two not being pertinent, and the testimony of one Kondratowicz, who was an underwriting supervisor when the notice was allegedly sent. Kondratowicz' testimony, if believed, established the procedures normally followed by Lumbermens in the ordinary course of business in mailing such notices, but he had not become familiar with the insured's file until the retirement of another employee in 1972; and had no personal knowledge as to whether the usual procedures had been followed in this particular case. In making a factual finding that the notice was sent, the trial court relied heavily on the appellant's failure to offer evidence of nonreceipt, and concluded that Lumbermens had offered " the best and only evidence available to that company." In our opinion, both stated grounds are erroneous, and as established by prior cases, the evidence was insufficient, as a matter of law, to make out a prima facie case that the required notice had been sent. *Boyce* v. *National Commercial Bank & Trust Co. of Albany* (41 Misc 2d 1071, affd. 22 A D 2d

848) states the rule that actual mailing must be established before the presumption of receipt arises. Thus, evidence of nonreceipt is unnecessary before there has been presented sufficient evidence to invoke the presumption in the first instance. This principle was reaffirmed in *Caprino* v. *Nationwide Mut. Ins. Co.* (34 A D 2d 522) where, as here, the issue was whether the insurer had met its burden of establishing the mailing of a notice. Relying on *Boyce* (*supra*), it was held that "the defendant's proof of its office practice and procedure followed in the regular course of business was *insufficient properly to invoke the presumption* and to overcome plaintiff's denial of receipt" (emphasis supplied). We note that the reference to "plaintiff's denial of receipt" was surplusage since the presumption of receipt had never arisen. Thus, the trial court's reliance on the denial of receipt was an improper basis for deciding that the notice had in fact been sent, particularly in view of its own observation that the evidence in *Caprino* and in *Boyce* tending to show that notices were mailed in those cases was stronger than the evidence in the instant case. The fact that *Caprino* and *Boyce* involved cancellations rather than failure to renew does not change the applicable rules in view of the identical issue in those cases, that is, whether an insurer had established that it had sent a required notice. We also note that Lumbermens admittedly failed to give requisite notice to the Commissioner of Motor Vehicles, although Kondratowicz testified that the transmission of such notice was also the company's usual procedure in the ordinary course of business. While this failure would not affect the validity of termination, we point it out to demonstrate the unreliability of testimony of normal procedures as evidence that such procedure was actually followed in this or any other particular case. It therefore follows that the evidence offered was not the best available. The person who had handled Price's file during the period in question and who had turned it over to Kondratowicz before retiring less than three months prior to the trial, one McCabe, was not called although he still lived in Syracuse. Nor did Lumermens call as a witness or explain the absence of anyone else who would have participated in any of the steps from preparation of the notice to actual mailing. As to McCabe, at least, it can fairly be said that he was capable of being produced, that his testimony would be important, and that he could naturally be inferred to be favorable to Lumbermens, so that an unfavorable inference may arise from the failure of Lumbermens to call him (Prince, Richardson On Evidence [9th ed.], § 92). This unfavorable inference at best detracts from the weight which could be attached to the evidence which was offered. In examining the evidence in its entirety, we must conclude, as a matter of law, that it was insufficient to establish that notice had been sent, and, therefore, judgment should have been granted to the appellant. In view of this determination, the computation of costs awarded to Lumbermens need not be considered. Judgment reversed, on the law and the facts, and judgment granted to plaintiffs against Lumbermens Mutual Casualty Co.; judgment granted to Public Service Mutual Insurance Co. and complaint dismissed as against it, with costs to appellant. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.