■ CATHERINE G. MANNING et al., Respondents, v BOSTON OLD COLONY INSURANCE COMPANY, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant.—In a proceeding by respondent Boston Old Colony Insurance Company to stay arbitration sought by respondents Manning upon a claim on the uninsured motorist endorsement of an automobile insurance policy, in which proceeding appellant, Allstate Insurance Company, the insurer of the motor vehicle in question, was added as a party, the appeal is from an order of the Supreme Court, Nassau County, entered September 24, 1974 and made after a nonjury trial, which granted the stay and directed the claimants to proceed against the owner and operator of the vehicle in question. Proceeding remanded to Special Term for a determination, after a hearing if one is necessary for the purpose, of whether the owner of the vehicle denies receipt of Allstate's notice of cancellation, and appeal held in abeyance in the interim. The claimants, the Mannings, commenced an action against both the owner and the operator of a motor vehicle to recover damages *inter alia* for personal injuries sustained by claimant Catherine G. Manning while a passenger in the vehicle when it became involved in a one-car collision. Allstate denied that the vehicle was insured by it and disclaimed liability, on the ground that its insurance policy had been canceled two days prior to the accident, by timely mailing of a notice of cancellation to the insured. The claimants gave notice to their own automobile insurer, respondent Boston Old Colony, of their intention to claim under the uninsured motorist endorsement of their policy. Boston Old Colony then brought this proceeding, contending that there was insufficient proof of the cancellation by Allstate. A trial ensued upon "the preliminary issue as to the validity of the disclaimer." After such trial, Special Term held that Allstate's proof of mailing was insufficient to raise the presumption of delivery. The affidavit of mailing, by appellant's witness Redican, reads that she was in charge of the handling of insurance policy cancellation notices preparatory to mailing and in charge of the mailing of such notices, that a cancellation correctly addressed to each person or firm on the record-of-mailing-list for the date of the mailing in question (the list consisted of 97 sheets of names, with up to 20 names per sheet) was inserted in a window envelope, that each such envelope was sealed, that the required amount of postage was affixed thereto, and that each such notice was mailed on that mailing date. Miss Redican's testimony was, however, that she presumed

she was mailing a notice of cancellation to each name on the list, inasmuch as a computer printed out a notice of cancellation for each name on the mailing list. Neither she nor anyone else checks the total number of windowface envelopes into which an inserter machine places the notices of cancellation, which the machine does by opening the flap of an envelope, inserting the cancellation notice, sealing and stamping the envelope. Neither she nor anyone else checks the names appearing in the envelopes with the names on a mailing list. After the machine has inserted the cancellation notices into the envelopes and sealed and stamped them, she ties the envelopes and puts them into a United States Government mail bag. We agree with Special Term that appellant's proof of its office practice and procedure with respect to the mailing was insufficient to invoke the presumption of delivery *(Gardam & Son v Batterson,* 198 NY 175; *Hastings v Brooklyn Life Ins. Co.,* 138 NY 473; *Capra v Lumbermens Mut. Cas. Co.,* 43 AD2d 986; *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522; *Boyce v National Commercial Bank & Trust Co. of Albany,* 41 Misc 2d 1071, affd 22 AD2d 848). We remand the proceeding to Special Term for the purpose hereinabove stated, however, because the record on appeal is barren of any indication as to whether the owner of the vehicle denies receipt of Allstate's notice of cancellation. If receipt is denied, the party claiming mailing bears the burden of proving a course of procedure effective to give it the benefit of the presumption of delivery. The presumption of delivery is obviated where receipt is not denied. Rabin, Acting P. J., Latham and Brennan, JJ., concur; Cohalan and Shapiro, JJ., dissent and vote to affirm.