■ ALAN KOENIG, Respondent, v BOARD OF ZONING APPEALS OF THE CITY OF GLEN COVE, Appellant.—In a proceeding pursuant to CPLR article 78 to review appellant's determination, dated April 2, 1975, which, after a hearing, denied petitioner's application for a variance, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 23, 1975, which, *inter alia,* annulled the determination and directed appellant to grant an area variance to petitioner. Judgment affirmed, without costs or disbursements. Once petitioner demonstrated that he would suffer significant economic injury by the application to him of the area standards of section 24.72 (par [A], subpar [5]) of the Glen Cove Code of Ordinances, he was entitled to a variance unless appellant could show that the public health safety and welfare would be served by upholding the standards (see *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 454). This appellant failed to do. Indeed, the record on this appeal clearly indicates that such a showing would not be possible. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

■ JOHN B. MYERS, Appellant, v CENTRAL HUDSON GAS & ELECTRIC CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Orange County, entered June 10, 1975, which dismissed the complaint at the close of the evidence, at a jury trial. Judgment affirmed, with costs. Under the circumstances of this case, the dismissal was proper. Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.

■ CATHERINE NAGEL, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.—In an action *inter alia* for a judgment declaring that a certain policy of insurance issued by defendant to plaintiff was in effect on August 22, 1973, the date of an automobile accident involving the plaintiff, she appeals from a judgment of the Supreme Court, Nassau County, entered March 27, 1975, which, after a nonjury trial, declared that defendant had effectively terminated the policy prior to the date of the accident. Judgment reversed, on the law and the facts, with costs, and it is declared that the subject policy of insurance issued by defendant to plaintiff was in full force and effect on August 22, 1973 and that plaintiff is entitled to full protection under said policy. The essential issue raised on this appeal is whether defendant met its burden of proof as to the mailing of a notice of cancellation for nonpayment of a premium to plaintiff. Upon all of the evidence adduced at the trial we conclude that the proof was insufficient to establish that the notice had been sent and that Trial Term's finding to the contrary was against the weight of the evidence (see *Capra v Lumbermen's Mut. Cas. Co.,* 43 AD2d 986). Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.