■ In the Matter of EMPIRE MUTUAL INSURANCE COMPANY, Respondent, v PHILIP SASH et al., Respondents, and CRITERION INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration sought by respondents Philip Sash and Flex Pierre upon a claim on the uninsured motorist endorsement respondent of Sash's automobile insurance policy, in which proceeding appellant, Criterion Insurance Company, the insurer of the motor vehicle involved in the accident with the above-mentioned individual respondents, was added as a party, the appeal is from an order of the Supreme Court, Kings County, dated May 19, 1975, which, after a nonjury trial, *inter alia,* (1) permanently stayed arbitration and (2) ordered appellant to defend its insured in any action arising out of the accident. Proceeding remanded to Special Term for a determination, after a hearing if one is necessary for the purpose, of whether the owner of the vehicle denies receipt of Criterion's notice of cancellation, and appeal held in abeyance in the interim. On the record before us, we can find no indication as to whether Isabel Thomas denies receipt of Criterion's notice of cancellation. That fact is crucial in disposing of this appeal (see *Manning v Boston Old Colony Ins. Co.,* 48 AD2d 838). Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur; Shapiro, J., concurs in the result on constraint of *Manning v Boston Old Colony Ins. Co.* (48 AD2d 838), although he still adheres to the views inherent in the dissent in that case, and notes that *Nagel v State Farm Mut. Auto Ins. Co.* (51 AD2d 1022) is not to the contrary as there the record shows that the insured denied having received notice of the cancellation of the policy.

■ In the Matter of LIVIA FRANKL, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding pursuant to section 618 of the Insurance Law for permission to bring an action against the appellant, Motor Vehicle Accident Indemnification Corporation, the appeal is from an order of the Supreme Court, Kings County, dated November 26, 1975, which, after a hearing, granted the application. Order reversed, on the law, without costs or disbursements, and application denied. The findings of fact are affirmed. Petitioner's apparent knowledge of the identity of the owner of the vehicle which caused her injuries permits an action to be brought against the said owner. Only if such action ultimately fails for lack of identity, should leave to sue MVAIC be considered (see Insurance Law, § 618, subd [a]; *Matter of Ruiz v MVAIC,* 19 AD2d 832). Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ In the Matter of BARBARA A. G., Appellant, v LEOTIS C. T., Respondent.—In a paternity proceeding, petitioner appeals from an order of the Family Court, Nassau County, entered December 3, 1975, which, after a hearing, *inter alia,* dismissed the petition. Order affirmed, without costs or disbursements. The Family Court's determination, that the evidence presented was not sufficiently clear and convincing to establish respondent as the father of petitioner's child, is supported by the record on this appeal (see *Commissioner of Public Welfare of City of N. Y. v Ryan,* 238 App Div 607). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.