■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and MICHAEL KRUSE et al., Respondents.—Judgment, Supreme Court, New York County, entered on September 28, 1977, denying petitioner's application for a stay of arbitration and directing the parties to proceed to arbitration, unanimously reversed, on the law and vacated, without costs and without disbursements, and arbitration is stayed pending trial on the issue of timely mailing of the notice of nonrenewal and the proceeding is remanded for that purpose. On August 5, 1976 respondent Michael Kruse was injured when a vehicle owned by Vivian Anderson and operated by Gary J. Anderson, in which Kruse was a passenger, collided with a vehicle owned by one Waterman. Kruse presented a claim against petitioner, his own insurance carrier, under the uninsured motorist endorsement, upon the ground that the Anderson vehicle in which he was a passenger was not insured at the time of the accident. Petitioner rejected the claim and Kruse demanded arbitration under the uninsured motorist

endorsement. Petitioner seeks a stay of arbitration upon the grounds that (1) the Anderson vehicle was insured by respondent Cosmopolitan Mutual Insurance Company at the time of the accident; and (2) Kruse failed to proceed against Waterman, whose vehicle was insured. The Anderson vehicle had been insured by Cosmopolitan for the period June 25, 1975 to June 25, 1976. Cosmopolitan asserts that in compliance with section 313 of the Vehicle and Traffic Law it served notice on its insured on May 3, 1976, that it would not renew the policy when it expired on June 25, 1976. Pursuant to section 313 of the Vehicle and Traffic Law the policy would not have terminated upon its expiration date and would have been in force on the date of the accident unless at least 20 days' notice of nonrenewal had been mailed to Vivian Anderson. Cosmopolitan's only proof in opposition to the motion at Special Term consisted of affidavits of one of its attorneys and an assistant vice-secretary stating that its records showed the notice of nonrenewal had been served on May 3, 1976, as evidenced by a copy of the notice of nonrenewal and a bulk mailing post-office receipt for 20 pieces of mail received from Cosmopolitan for mailing, including one addressed to Vivian Anderson. This was insufficient to show that the notice was timely mailed (*Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522). As that case holds, a trial is required. With its brief, Cosmopolitan has now submitted a copy of a post-office receipt purporting to bear the signature of its insured, Vivian Anderson, as evidence of the receipt of the notice of nonrenewal. Aside from the fact that this receipt was not part of the record and should not be considered on this appeal, it is not self-proving. There is a triable issue as to whether the notice of nonrenewal was timely served as required by section 313 of the Vehicle and Traffic Law (*Caprino, supra*). As held at Special Term, the failure to proceed against the owner of the other vehicle does not bar the arbitration. Petitioner will be entitled to be reimbursed to the extent of such amounts as Kruse may recover against Waterman, if any, pursuant to conditions 4, 5 and 6 of the policy. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sandler, JJ.