■ In the Matter of the Arbitration between NASSAU INSURANCE COMPANY, Appellant, and EVA PHILLIPS et al., Respondents.—In a proceeding to stay arbitration, petitioner, Nassau Insurance Company (Nassau), appeals from a judgment of the Supreme Court, Queens County, dated March 2, 1977, which, after a hearing, *inter alia,* denied the application. Judgment affirmed, with costs to respondent Government Employees Insurance Company (GEICO) payable by petitioner. The passengers in an automobile insured by Nassau were involved in an accident with a vehicle which was owned by a Michael Huggins. The passengers sought arbitration of their claims for injuries under the uninsured motorist endorsement of Nassau's policy. Nassau moved to stay arbitration, alleging that the automobile registered to Michael Huggins, a New Jersey resident, was insured by GEICO under a policy covering the period September 22, 1974 to September 22, 1975. The accident occurred on February 16, 1975. GEICO's position was that it had mailed a notice of cancellation of said policy for nonpayment of premium to Mr. Huggins on December 3, 1974, to be effective at 12:01 A.M. on December 23, 1974. The testimony of Victor Johnson, GEICO's supervisor of outgoing mail, on the procedure employed by him in sending out notices of cancellation, was sufficient, in our view, to establish the fact of mailing and thereby to give GEICO the benefit of the presumption of delivery. Not only did Johnson testify that he compared the names and addresses on the envelopes to see that they conformed with the names and addresses on the "cancellation sheet", but, also, each envelope was "plucked" in order to be sure that it contained what it was supposed to contain, i.e., a notice of cancellation. There was further testimony respecting the affixation of proper postage and the collection of mail at GEICO's office by an employee of the United States Post Office. In short, the quantum of proof differs markedly from that held insufficient by this court in *Manning v Boston Old Colony Ins. Co.* (48 AD2d 838). Turning to one of the principal issues raised on the appeal, Nassau errs in maintaining that GEICO's notice of cancellation was mailed untimely on December 13, 1974, rather than on December 3, 1974, as GEICO contends. Nassau's own attorney, in his closing statement at Special Term, made clear the fact that the cancellation sheet offered in support of the mailing bore the date December 3, 1974. We view the references by both counsel during portions of the hearing to a different date as inadvertence. Finally, we note that both New York and New Jersey require 10 days' notice to cancel an insurance policy for the nonpayment of premium.

Therefore, in reality, there is no conflict of law question in this case. Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.