■ BANNER CASUALTY COMPANY, Respondent-Appellant, v LUCIO DE LA TORRE et al., Appellants-Respondents, and RELIANCE INSURANCE COMPANY, Respondent.—In a proceeding by Banner Casualty Company to stay arbitration sought by Lucio De La Torre and Iris Torres upon a claim on the uninsured motorist endorsement of an automobile insurance policy, in which proceeding Reliance Insurance Company, the insurer of the motor vehicle of Carmen Vasquez which was involved in the accident with the above-mentioned individuals, was added as a party, the appeals, as limited by the briefs of the parties, are (1) by Banner, from so much of a judgment of the Supreme Court, Nassau County, dated June 8, 1977, as, after a nonjury trial, determined that Reliance had duly canceled its liability insurance policy previously issued to Vasquez, and that the Vasquez car was therefore uninsured on September 13, 1973, the date of the accident, and (2) by De La Torre and Torres, from so much of the same judgment as determined that they had failed to give Banner timely notice of their claim and permanently stayed their arbitration proceeding. Proceeding remanded to Special Term for a new determination, after a hearing, of the following questions: (1) does Vasquez, the owner of the vehicle allegedly insured by Reliance, deny receipt of Reliance's claimed notice of cancellation and (2) if

this be the case, can Reliance nevertheless prove an effective cancellation of its insurance policy prior to the date of the instant collision. The appeals will be held in abeyance in the interim. On September 13, 1973 a car owned by De La Torre's mother, in which Torres was a passenger, was involved in an accident with a car owned by Vasquez and driven by Jose Perez. Neither Vasquez nor Perez responded to the summons and complaint of De La Torre and Torres. Reliance, the insurer of the Vasquez car, claimed that it had canceled the policy of insurance on July 13, 1973, prior to the accident. De La Torre and Torres thereafter made a claim against Banner under the uninsured motorist endorsement of the policy issued on the De La Torre car. Special Term found that Reliance had properly canceled its policy on the Vasquez car without taking any evidence on this issue, and stayed the arbitration sought against Banner on the ground that the claim under the uninsured motorist provision of its policy had not been made "within 90 days or as soon as practicable". On the record before us, we can find no indication as to whether Vasquez denies receipt of Reliance's notice of cancellation. That fact is crucial in disposing of this appeal (see *Manning v Boston Old Colony Ins. Co.*, 48 AD2d 838; *Matter of Empire Mut. Ins. Co. v Sash*, 59 AD2d 533). If Vasquez denies receipt, then Reliance bears the burden of proving cancellation, i.e., proving a course of procedure sufficient to invoke the presumption of delivery (see *Manning v Boston Old Colony Ins. Co., supra*). If Reliance fails to carry this burden, De La Torre and Torres cannot claim against their own insurer, Banner, but must proceed against Vasquez and his insurer, Reliance. The record fails to indicate the status of the action initiated against Vasquez and, on remand, the status of that action should be ascertained and set forth on the record. We note that until the questions to be determined upon the remand are resolved, we do not find it necessary to decide whether the finding that De La Torre and Torres failed to provide Banner with timely notice of their claim under the uninsured motorist endorsement of the Banner policy is against the weight of the credible evidence. Hopkins, J. P., Latham, Gulotta and O'Connor, JJ., concur.