HOWARD VIUKER, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents, et al., Defendants.

Second Department, October 22, 1979

## APPEARANCES OF COUNSEL

*Rogers Ferraro & Cody, P. C. (Thomas J. Cody* of counsel), for appellant.

*Owen & Grogan (Joseph G. Owen* of counsel), for Allstate Insurance Company, respondent.

*Kornfeld, Rew, Newman & Ellsworth (Thomas J. Newman* of counsel), for Motor Vehicle Accident Indemnification Corporation, respondent.

*Francis J. Henderson* for Empire Mutual Insurance Company, defendant.

## OPINION OF THE COURT

GULOTTA, J.

In this action for a declaratory judgment brought by the injured party in a one-car collision to determine which among the Allstate Insurance Company, the Empire Mutual Insurance Company and the Motor Vehicle Accident Indemnification Corporation (MVAIC) is obligated to provide coverage upon his claim for personal injuries arising therefrom, the appeal, as limited by plaintiff's brief, is from so much of the judgment as declared that neither the Allstate Insurance Company nor MVAIC was obligated to provide coverage on plaintiff's behalf. That portion of the judgment exonerating the Empire Mutual Insurance Company has not been challenged.

We believe the judgment must be reversed insofar as appealed from and the matter remanded to Trial Term for further proceedings as hereinafter provided.

On June 3, 1976 plaintiff, a pedestrian, was struck by an automobile and severely injured as he was crossing a Manhattan street. Several minutes later a police officer arrived at the scene and requested the driver of the vehicle to produce his license and registration. From these the officer ascertained that the operator of the car, who was also its owner, was one Dorian Pappas of 13708 Via Del Palma, Whittier, California. The officer then asked Mr. Pappas for his "proof of insurance", in response to which the latter produced a small card bearing his name and address, a long number and some reference to the Allstate Insurance Company. This card was apparently unlike the insurance identification cards which, under New York law, are required to be produced on request

at the scene of an accident (see Vehicle and Traffic Law, § 311, subd 10; §§ 312, 319, subd 3; § 600; see, also, 15 NYCRR Part 32). The officer thereupon entered the name "Allstate" in the space provided for "Insurance Code" on his accident report.

Subsequently, plaintiff attempted to notify Mr. Pappas of his claim for damages by sending a certified letter to the California address listed upon his license and registration. Plaintiff also sent a certified letter to Allstate in California, requesting that it acknowledge coverage for Dorian Pappas, "a/k/a James D. Pappas, a/k/a Dorian K. Pappas". A third letter was thereafter sent to the Empire Mutual Insurance Company, informing it that a claim would be made under the uninsured motorist indorsement of a policy issued to plaintiff's father.

Apparently no response was ever received from Mr. Pappas. Allstate responded in a letter dated September 17, 1976 that it had at one time insured a "James D. Pappas" of 13708 Via Del Palma, Whittier, California, but claimed that this policy had been canceled for nonpayment of premiums some eight months prior to the accident in question. For this reason Allstate denied coverage. Empire Mutual also denied coverage on the ground, *inter alia,* that plaintiff was not a resident of his father's household at the time of the occurrence. During the period of this correspondence, plaintiff had also notified the Motor Vehicle Accident Indemnification Corporation of his intention to file a claim against it in connection with the accident, but MVAIC took the position that the vehicle owned and operated by Mr. Pappas had been insured by Allstate at the time of the occurrence, and that any such claim would not be honored.

In response to these denials of coverage by both insurance companies and MVAIC, plaintiff commenced the instant action seeking a declaration as to which of the corporate defendants would appear and defend Pappas and (hopefully) compensate him for his injuries. Pappas, although named as a party, never appeared.

At the ensuing trial, which was held on August 16, 1977, plaintiff first sought to prove that defendant Allstate was Pappas' insurer and, to this end, he called the police officer who had responded to the scene of the accident to testify (over Allstate's objection) concerning the card produced by Pappas in response to his request for "proof of insurance". The police accident report incorporating this information was then intro-

duced into evidence (also over Allstate's objection), as was the above-mentioned letter of September 17, 1976 in which Allstate admitted that it had at one time insured Mr. Pappas. Plaintiff also took the stand briefly in his own behalf, but offered no testimony on the issue of insurance.

After presenting this evidence, plaintiff rested as to Allstate only, specifically reserving his rights with regard to the remaining defendants. The apparent purpose of this procedure was to permit Allstate to move for dismissal of the complaint as against it, so that, in the event the motion were granted, two of its witnesses could return to California. At this juncture, the court granted a brief adjournment and directed plaintiff's counsel to submit proof of any California statute requiring motorists to carry proof of insurance similar to the insurance identification cards required in New York. The court indicated that if there was such a requirement it would be inclined to find that plaintiff had made out a prima facie case against Allstate, but that if the card exhibited by Mr. Pappas was merely an unofficial "courtesy" card, then the proof of insurance would be considered insufficient.

When court reconvened, plaintiff's counsel informed the court that he had been unable to find any such California statute, at which point Allstate moved for judgment. The court then inquired of the remaining defendants (Empire Mutual and MVAIC) whether they were also so moving, and each of them answered in the affirmative. The court thereupon granted the respective motions for "failure of proof". Inexplicably, there was no discussion of the fact that plaintiff had previously reserved his rights against Empire Mutual and MVAIC, nor is there any explanation of why plaintiff's counsel failed to object that he had not been afforded an opportunity to proceed against these defendants.

This appeal followed.

Under the circumstances of the instant case, it is our belief that once it was established through the letter dated September 17, 1976 that Allstate had previously insured a Mr. James D. Pappas of 13708 Via Del Palma, Whittier, California, plaintiff had made out his prima facie case,* as it is nowhere

---

* Pappas' statements regarding insurance made to the investigating officer and incorporated into his accident report are, of course, hearsay as regards the defendant Allstate (see, generally, Richardson, Evidence [Prince, 10th ed], §§ 238, 255 *et seq.*, 299; cf. *Penn v Kirsh,* 40 AD2d 814; *Toll v State of New York,* 32 AD2d 47; *Chemical Leaman Tank Lines v Stevens,* 21 AD2d 556; *Matter of Rosen [Motor Vehicle Acc. Ind. Corp.],* 20 AD2d 704; *Zaulich v Tompkins Sq. Holding Co.,* 10 AD2d 492).

contended that the James D. Pappas mentioned in that letter is not the same individual who, using the name "Dorian Pappas" and living at the same address, struck and injured the plaintiff on the evening of June 3, 1976. Indeed, it would appear on this record that Mr. Pappas employed various permutations of his name on different occasions, and that included among them were the names "James D. Pappas" and "Dorian Pappas".

This much established, it became incumbent upon the insurer (Allstate) to go forward with proof of its affirmative defense that the policy had been canceled prior to the date of the occurrence, for, as between itself and the remaining parties, it is clearly the former which pleaded and sought to rely upon the cancellation and therefore had the burden of proof on the issue (see *De Persia v Merchants Mut. Cas. Co.,* 268 App Div 176, affd 294 NY 708; *Crown Point Iron Co. v Aetna Ins. Co.,* 127 NY 608; see, also, *Capra v Lumbermens Mut. Cas. Co.,* 43 AD2d 986; cf. *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522). In such circumstances, a denial of cancellation by the named insured is *not* a condition precedent to putting the insurer to its proof, and to whatever extent our prior determinations may be read to the contrary, we now explicitly overrule them (see, e.g., *Manning v Boston Old Colony Ins. Co.,* 48 AD2d 838; *Matter of Empire Mut. Ins. Co. v Sash,* 53 AD2d 614, 59 AD2d 533, affd on other grounds 46 NY2d 828; *Banner Cas. Co. v De La Torre,* 65 AD2d 586). The insurer, of course, remains free to call upon its insured to admit cancellation as an aid to its defense, but we do not believe that the failure or inability to locate the named insured can be permitted to alter the burden of proof to the detriment of third parties, e.g., by according an insurer's self-serving declaration of cancellation conclusive effect in the absence of any meaningful denial thereof by the named insured.

Inasmuch as Trial Term's erroneous ruling on the sufficiency of plaintiff's evidence foreclosed further inquiry without putting Allstate to its proof, it is evident that the matter must be remitted for a further hearing at which additional proof may be taken. If, upon the remand, Allstate can successfully establish a valid termination of its policy (see, generally, *Matter of Empire Mut. Ins. Co. v Sash,* 46 NY2d 828, *supra),* then Trial Term will have to consider whether the Pappas vehicle may have been uninsured at the time of the occur-

rence (cf. *Matter of Rosen [Motor Vehicle Acc. Ind. Corp.],* 22 AD2d 671) and, if the foregoing can be established, then MVAIC will be obligated to appear and defend (see Insurance Law, § 600 *et seq.).*

No issue has been raised regarding the propriety of the judgment insofar as it affects Empire Mutual. Accordingly, so much of the judgment as was in favor of that company shall remain undisturbed.

DAMIANI, J. P., MANGANO and MARGETT, JJ., concur.

Judgment of the Supreme Court, dated September 29, 1977, and entered in Rockland County, reversed insofar as appealed from, and as between plaintiff and defendants Allstate Insurance Company and the Motor Vehicle Accident Indemnification Corporation, action severed and new trial granted in accordance with the opinion herein, with costs to abide the event.