(October 22, 1979)

■ BANNER CASUALTY COMPANY, Respondent-Appellant, v LUCIO DE LA TORRE et al., Appellants-Respondents, and RELIANCE INSURANCE COMPANY, Respondent.—In a proceeding by Banner Casualty Company to stay arbitration sought by Lucio De La Torre and Iris Torres upon a claim on the uninsured motorist endorsement of an automobile insurance policy, in which proceeding Reliance Insurance Company, the insurer of the motor vehicle of Carmen Vasquez which was involved in the accident with the above-mentioned individuals, was added as a party, the appeals, as limited by the briefs of the parties, are (1) by Banner, from so much of a judgment of the Supreme Court, Nassau County, dated June 8, 1977, as, after a nonjury trial, determined that Reliance had duly canceled its liability insurance policy previously issued to Vasquez, and that the Vasquez car was therefore uninsured on September 13, 1973, the date of the accident, and (2) by De La Torre and Torres, from so much of the same judgment as determined that they had failed to give Banner timely notice of their claim and permanently stayed their arbitration proceeding. By order dated October 16, 1978, this court remanded the proceeding to Special Term for a new determination, after a hearing, of the following questions: (1) does Vasquez, the owner of the vehicle allegedly insured by Reliance, deny receipt of Reliance's claimed notice of cancellation and (2) if this be the case, can Reliance nevertheless prove an effective cancellation of its insurance policy prior to the date of the instant collision. The appeals have been held in abeyance in the interim (Banner Cas. Co. v De La Torre, 65 AD2d 586). Special Term has complied. Judgment modified, on the law and the facts, by deleting the second, third and fourth decretal paragraphs thereof, and by substituting therefor provisions adjudging: (1) that on September 13, 1973 the automobile owned by Carmen Vasquez and operated by Jose Perez, bearing New York registration 509 BZX, was insured; (2) that prior to September 13, 1973 Reliance Insurance Company failed to duly cancel an automobile liability insurance policy No. AC 8989 C 84 which it had previously issued to Carmen Vasquez; and (3) that the respondents Lucio De La Torre and Iris Torres gave petitioner proper written notice within 90 days or as soon as practicable, as required by Condition No. 3 of the uninsured motorists endorsement of the automobile liability insurance policy. As so modified, judgment affirmed, with costs awarded to De La Torre and Torres payable by Banner Casualty Company, and costs awarded to Banner Casualty Company, payable by Reliance Insurance Company. On September 13, 1973 a car owned by Lucio De La Torre's mother, in which Iris Torres was a passenger, was involved in an accident with a car owned by Carmen Vasquez and driven by Jose Perez. Neither Vasquez nor Perez responded to the summons and complaint of De La Torre and Torres. Reliance, the insurer of the Vasquez car, claimed that it had canceled the policy of insurance on July 13, 1973, prior to the accident. De La Torre and Torres thereafter made a claim against Banner under the uninsured motorists endorsement of the policy issued on the De La Torre car. Special Term found that Reliance had properly canceled its policy on the Vasquez car and stayed the arbitration sought against Banner on the ground that the claim under the uninsured motorist provision of its policy had not been made "within 90 days or as soon as practicable". The arbitration sought by De La Torre and Torres was properly stayed, but not for the reasons set forth by Special Term. A stay is proper because Reliance is obligated to defend the action brought against Vasquez, its insured. In *Viuker v Allstate Ins. Co.* (70

AD2d 295), this court determined that it is the obligation of the insurer to come forward in the first instance with proper proof of cancellation before an insured is put to the burden of establishing nonreceipt of a notice of cancellation. On the remand of this matter, no credible evidence was produced to indicate that a notice of cancellation had not been received, but Reliance was unable to produce proof that a notice of cancellation had been sent to its insured. Having failed to carry its burden in the first instance, Reliance is obligated to defend the action brought against its insured. Reliance has argued that Banner, De La Torre's insurer, should be barred by laches from asserting Reliance's obligation to prove proper cancellation because Banner failed to bring Reliance into this proceeding until January, 1977, more than three years after the occurrence of the accident and the alleged cancellation of the Vasquez policy. The laches argument, however, must fail for several reasons. Reliance produced testimony that the underwriting records pertaining to a policy are generally destroyed three years after the policy is canceled. Reliance's witness further testified, however, that he could not specify a date when the file in question was destroyed. He also could not dispute the allegation that a claim file was in existence in January, 1977. The inability to locate the claim file, legal file, and dead file relating to this policy went unexplained. Thus, any prejudice against Reliance was self-imposed. Reliance was aware as early as January, 1974 that a claim was made against Vasquez, and care should have been exercised to make sure proof of the mailing of a proper notice of cancellation was preserved. Furthermore, Banner's delay in impleading Reliance resulted from inadvertence rather than a conscious effort by Banner to delay the impleading as a strategical maneuver. Finally, a system whereby an insurer destroys essential records three years after a policy is canceled is justified neither in reason nor in law. There are instances where an insurer can be put to the proof of establishing a proper policy cancellation more than three years after the policy expires. Although not necessary for the resolution of this matter, we further note that were we not staying the arbitration based upon Reliance's obligation to defend the action, we would require Banner to proceed to arbitration because, contrary to the determination of Special Term, we find that De La Torre and Torres made a timely claim against Banner. The totality of the credible evidence established that proper notice of the claim was forwarded by De La Torre and Torres to Banner, and Banner failed to negate this evidence. Hopkins, J. P., O'Connor, Lazer and Gulotta, JJ., concur.