OPINION OF THE COURT
Herbert A. Posner, J.
This is an action for a declaratory judgment to determine whether a policy of insurance issued by State Farm Mutual Insurance Company to one Gary Roseboro was in effect on October 24, 1980, the date of an accident between the plaintiff’s car and a car owned by Roseboro, or in the alternative whether Gary Roseboro was uninsured and the defendant, Allstate Insurance Company, is to provide coverage to the plaintiff under the uninsured motorist indorsement of her automobile liability policy.
The core question in this proceeding deals with the proof of mailing required to effectively cancel an automobile liability insurance policy when a premium finance agency *826 mails the cancellation notice and not the insurer. Two issues, of first impression, are raised by State Farm. Initially, State Farm contends that a cancellation made by a premium finance agency is, in effect, a termination of the policy by the insured and, therefore, the insurer does not have to prove mailing of notice of cancellation to the insured. Secondly, it contends that the testimony of an employee of the finance agency as to general office procedures is sufficient proof of mailing to satisfy the requirements of section 576 of the Banking Law, without the testimony of the person who actually did the mailing.
The plaintiff, Louise Felician, has instituted a negligence action for personal injuries against Gary Roseboro in the Supreme Court, Queens County, but Roseboro failed to appear and is currently in default. State Farm concedes that it issued a policy of insurance to Roseboro for which the premium payment was financed through Repay Service Company, Inc., but contends that Gary Roseboro had defaulted on his payments pursuant to the finance agreement and that the policy had been canceled by the premium finance agency, effective 12:01 a.m. on September 19, 1980.
Once it was conceded that State Farm had insured Gary Roseboro, it became incumbent upon the insurer to prove that the policy had been canceled prior to the date of the accident involving the plaintiff. (‘Viuker v Allstate Ins. Co., 70 AD2d 295.) The court stated in Viuker v Allstate Ins. Co. (supra, p 299) that: “In such circumstances, a denial of cancellation by the named insured is not a condition precedent to putting the insurer to its proof * * * The insurer, of course, remains free to call upon its insured to admit cancellation as an aid to its defense, but we do not believe that the failure or inability to locate the named insured can be permitted to alter the burden of proof to the detriment of third parties, e.g., by according an insurer’s self-serving declaration of cancellation conclusive effect in the absence of any meaningful denial thereof by the named insured.”
Section 576 of the Banking Law states the manner of cancellation of an insurance contract by a premium finance agency when there is a default in payment by the insured. *827 Paragraph (a) of subdivision 1 provides that: “Not less than ten days written notice shall be mailed to the insured at his last known address as shown on the records of the premium finance agency, of the intent of the premium finance agency to cancel the insurance contract unless the default is cured within such ten day period”. Paragraph (d) of subdivision 1 provides that: “After the notice in paragraph (a) above has expired, the premium finance agency may thereafter, in the name of the insured, cancel such insurance contract by mailing to the insurer a notice of cancellation * * * A copy of the notice of cancellation shall also be mailed to the insured.”
State Farm maintains that section 576 (subd 1, par [d]) of the Banking Law has the effect of making the cancellation by the premium finance agency, a termination of the insurance policy by the insured, and therefore negates the insurer’s need to prove mailing of the notice of intent to cancel. In support of this conclusion, it relies upon the rule that statutory provisions for notice have no application where cancellation is effected by the insured rather than the insurer. (Matter of Country-Wide Ins. Co. v Wagoner, 57 AD2d 498; Providence Washington Ins. Co. v Security Mut. Ins. Co., 43 AD2d 213.) A construction of section 576 as proposed by State Farm, would be contrary to the express language of the statute. Paragraph (d) makes compliance with the requirements of paragraph (a) a condition precedent to cancellation of the policy by the premium finance agency. Moreover, subdivision 1, which prefaces these provisions, specifically states that when a premium finance agreement contains a power of attorney enabling the premium finance agency to cancel an insurance contract, the contract shall not be canceled unless such cancellation is effectuated in accordance with the provisions in paragraphs (a) through (g). The cases cited by State Farm do not support its contention for they involve policies which were terminated by the insured’s broker at the request of the insured. (Matter of Orefice [MVAIC], 28 AD2d 854; Nassau Ins. Co. v Lucas, 101 Misc 2d 1024.) Unlike the brokers in those cases, a premium finance agency does not act at the request of the insured in canceling an insurance policy when there is a default in payment by the insured. *828 In any event, it has been definitively settled that strict compliance with the notice requirements of section 576 of the Banking Law is essential to effectuate cancellation under the statute. (Savino v Merchants Mut.. Ins. Co., 44 NY2d 625, 629; Johnson v General Mut. Ins. Co., 24 NY2d 42, 48; Matter of Lion Ins. Co. v Reilly, 61 AD2d 1047.)
The purpose of the notice requirements of section 576 of the Banking Law, like those of section 313 of the Vehicle and Traffic Law, “is to give the insured clear and timely notice prior to cancellation so as to permit the insured to take appropriate action.” (Matter of Lumbermens Mut. Cas. Co. [Berkovic], 74 AD2d 496, 498; accord Matter of Country Wide Ins. Co. [Meadows], 63 AD2d 951, 952) Section 313 of the Vehicle and Traffic Law, as amended in 1978, provides that an insurer must mail a notice of cancellation to the insured by regular mail and obtain a certificate of mailing indorsed by the postal service. It also provides that the certificate of mailing attached to a copy of the termination notice, when kept in the regular course of the insurer’s business, shall constitute conclusive proof of compliance with the mailing requirements of the statute. However, section 576 (subd 1, par [b]) of the Banking Law provides only that: “Service of the notice of intent to cancel or notice of cancellation by mail shall be effective provided that the notices are mailed to the insured’s last known address as shown on the records of the premium finance agency.”
The nub of the problem is that unlike the Vehicle and Traffic Law, the Banking Law does not require “a certificate of mailing, properly endorsed by the postal service to be obtained” (Vehicle and Traffic Law, § 313, as amd 1978). Where there is no specific statutory requirement as to proof of mailing, the common law, as expounded by the appellate courts of this State, must be followed. Proof of actual mailing or of an office practice and procedure followed in the regular course of business, which shows that the notices have been duly addressed and mailed, is required. (Nassau Ins. Co. v Murray, 46 NY2d 828.) Such proof is required even in the absence of a denial of receipt by the insured. (Viuker v Allstate Ins. Co., 70 AD2d 295, 299, supra, overruling Manning v Boston Old Colony Ins. Co., 48 AD2d 838; Matter of Empire Mut. Ins. Co. v Sash, 53 *829 AD2d 614, 59 AD2d 533, affd on other grounds 46 NY2d 828; Banner Cas. Co. v De La Torre, 65 AD2d 586.)
When relying upon proof of a course of business or of office practice to prove mailing, it must be shown “that the letter in question was placed in the usual office receptacle for outgoing mail and, in addition, to call as a witness the particular clerk whose duty it was to mail such letters and have him testify that he invariably mailed all letters found in the said receptacle.” (Richardson, Evidence [Prince, 10th ed], § 80, p 56.) In this case, the office manager of the premium finance agency, Repay Service Company, related the procedure employed at that agency in sending out the notices required by section 576 of the Banking Law. According to this witness, the person who prepares the notice initials a copy which is retained by the agency. Nine times out of 10, this person also places a copy to the insured in the mail. However, about 1 out of 10 times, this person is too busy and someone else mails out the notice to the insured. The only other witness was Roseanne Nazzaro, the employee whose initials appeared on Repay’s copy of the cancellation notice. She testified that she had prepared the notice addressed to Gary Roseboro but could not state that she had actually mailed out a copy to the insured.
In order for the presumption to arise that the notice was received by the insured, “office practice must be geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed.” (Nassau Ins. Co. v Murray, supra, p 830; emphasis supplied.) Since it was not the office practice at Repay Service Company for the person who prepared the cancellation notice to always mail it to the insured, the office practice and procedure followed by the premium finance agency was not sufficient to give rise to the necessary presumption of mailing and, therefore, proof of actual mailing was necessary. (See, generally, Gardam & Son v Batterson, 198 NY 175; Capra v Lumbermens Mut. Cas. Co., 43 AD2d 986; Caprino v Nationwide Mut. Ins. Co., 34 AD2d 522.) There was no evidence of actual mailing presented on behalf of State Farm in this case.
The court realizes that State Farm’s inability to prove mailing of the notices required by section 576 of the Bank *830 ing Law is attributable entirely to the inadequacies of the mailing procedures utilized by Repay Service Company, over which the insurer had no control. Furthermore, under current decisional law, the only recourse the insurer has against the premium finance agency is recovery of the gross unearned premium which was refunded pursuant to section 576 (subd 1, par [f]). (Travelers Ins. Co. v Robinson, 79 AD2d 1022; Home Mut. Ins. Co. v Broadway Bank & Trust Co., 76 AD2d 24.) The inequity faced by the insurer could easily be averted if section 576 were amended to require a certificate of mailing, properly indorsed by the postal service to be obtained by the premium finance agency, and return of the gross unearned premium to the finance agency conditioned upon receipt by the insurer of a copy of the cancellation notice and the certificate of mailing. These changes would establish uniformity in the procedure required to be utilized in mailing notices of cancellation to the insured, whether pursuant to section 313 of the Vehicle and Traffic Law, or section 576 of the Banking Law. They would also enable the insurer to verify that the mailing of notices to the insured, required by section 576 of the Banking Law, was properly accomplished and to prove such mailing without relying entirely upon the premium finance agency’s office efficiency. This is only fair for the recent ruling in Viuker v Allstate Ins. Co. (70 AD2d 295, supra), places upon the insurer the burden of coming forward and proving that the required cancellation notices were mailed to the insured.
The recognition that there was “a clear need for a statutory, uniform procedure” to prove mailing of a notice of cancellation of an insurance policy motivated the 1978 amendment of section 313 of the Vehicle and Traffic Law. (See memorandum accompanying bill amdg Vehicle and Traffic Law, § 313 [L 1978, ch 425].) In introducing this legislation, Assemblyman Siegel observed that:
“In this computerized age, it is practically impossible to establish the final step required in proving mailing, namely, the delivery to the post office or to the mail depository of the notice. The courts have been deluged with a multitude of hearings, trials and motions which concern *831 themselves with proof of mailing. The proposed amendment would obviate this requirement.
“Thus, the production of a copy of the notice of cancellation, together with a certificate of mailing properly endorsed by the post office, would create a conclusive presumption that the notice of cancellation had been mailed. This proposed change will conserve judicial and non-judicial manpower and promote the interests of justice in that the mailing of a notice could be easily established.”
There is the same justification for a comparative change in the mailing requirements of cancellation notices pursuant to section 576 of the Banking Law, and this court urges such legislative amendment of that statute.
In the instant case, State Farm was not able to prove mailing of the cancellation notices required by section 576. Having failed to prove such mailing, State Farm did not sustain its burden of proving that the policy issued to Roseboro had been canceled prior to the accident involving the plaintiff. Accordingly, State Farm must afford coverage to Gary Roseboro in the action commenced against him by the plaintiff.