■ In the Matter of the Arbitration between LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent, and CLYDE COLLINS et al., Appellants, et al., Respondents.—Judgment of the Supreme Court, New York County (Robert E. White, J.), entered May 29, 1986, which adjudged that the policy of insurance issued by State Farm Mutual Automobile Insurance Company to Rose Lee McCray was not validly canceled pursuant to Banking Law § 576 and permanently stayed the arbitration demanded by Clyde Collins, insured of Lumbermens Mutual Casualty Company, is unanimously reversed, on the law, without costs, the matter remanded for a hearing consistent herewith on the issue of cancellation by State Farm of its policy to Rose Lee McCray, and the stay of arbitration is vacated.

On August 28, 1982, a car owned by Henry Collins, in which Clyde Collins was a passenger, was involved in an accident with another car owned by Rose Lee McCray and operated by Donald McCray. By demand dated August 5, 1985, Clyde

Collins sought arbitration against his insurer, Lumbermens Mutual Casualty Company (hereinafter Lumbermens), on the ground that McCray's vehicle was uninsured at the time of the accident. Collins submitted a notice of financial security revocation with respect to the McCray vehicle. By petition dated August 16, 1985, Lumbermens sought a permanent stay of arbitration or in the alternative an immediate trial on the issue of whether sufficient proof had been submitted to establish that State Farm Mutual Automobile Insurance Company (hereinafter State Farm), had validly canceled the insurance policy on the McCray vehicle.

On July 19, 1986, a preliminary trial was held on this issue. There was testimony that State Farm had issued a policy of insurance to McCray which term of insurance ran from February 5, 1982 to February 5, 1983. State Farm's records indicated that the policy had been canceled as of July 3, 1982, for nonpayment of premium. State Farm's sole witness was Roy Katoff, vice-president of Kings Premium Service Corporation (hereinafter Kings Premium), an insurance premium finance company which had financed the subject policy for Rose McCray on an assigned-risk basis and which had canceled the policy based on a power of attorney signed by the insured. On June 14, 1982, Kings Premium learned that McCray's June 5, 1982 installment payment check was returned for insufficient funds. It was Kings Premium's custom and practice that when a check was returned for insufficient funds it was deemed an installment not paid, which triggered delivery to the insured, on that same date, of a notice of intent to cancel the insurance policy advising the insured that unless he or she paid the installment within a 15-day period, insurance coverage would be canceled.

As proof that such notice was sent to McCray, Katoff offered a computer printout, signed by a Melvin Chinnitz and bearing the date June 14, 1982, which listed McCray's name as one of the people to whom a notice of intent to cancel had been sent. Katoff testified that it was Chinnitz who handled the responsibility for mailing cancellations and checking off such mailings on a computer sheet. The notices of cancellation are then folded into self-mailing forms. Chinnitz was not called to testify, although he was still employed by Kings Premium. Thereafter, on June 29, 1982, because no payment was rendered, a cancellation notice was sent to the insured and her carrier. The court concluded that the proof of cancellation was insufficient, adjudged the cancellation to be invalid and

granted Lumbermens' application to permanently stay the arbitration demanded by Clyde Collins.

For the presumption to arise that a notice of cancellation has been duly mailed to and received by the insured, sufficient to prove cancellation of insurance under Banking Law § 576, there must be proof submitted that there is an office practice and procedure of duly addressing and mailing notices, that the procedure has been carefully followed and that the practice is "geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed." *(Nassau Ins. Co. v Murray,* 46 NY2d 828, 830.) As long as there is adequate testimony by one with personal knowledge of the regular course of business, it is not necessary to solicit testimony from the actual employee in charge of the mailing. *(Bossuk v Steinberg,* 58 NY2d 916, 919.)

Missing from the testimony of Mr. Katoff as to the office practice and procedure followed by Kings Premium in mailing a notice of intent to cancel insurance was any testimony about office procedures relating to the delivery of mail to the post office, whether a practice existed of comparing the names on the mailing list with the names and addresses on the envelopes for accuracy, or whether anyone routinely checked that the total number of envelopes matched the number of names on the mailing list. Without testimony as to these internal precautionary procedures, the court was correct in concluding that State Farm had failed to establish conclusively that a cancellation notice was duly mailed. *(Anzalone v State Farm Mut. Ins. Co.,* 92 AD2d 238, 240.)

However, in light of the importance of this issue to State Farm, we conclude that the interests of justice warrant giving State Farm an opportunity at a new trial to furnish additional proof, if such exists, that a proper mailing took place. *(See, Manning v Boston Old Colony Ins. Co.,* 48 AD2d 838, 839; *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522, 523.) Accordingly, we remand for a hearing consistent herewith. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Rosenberger, JJ.