■ In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Respondent, and AQUILINO BUENO, Respondent. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, et al., Respondent.—Order, Supreme Court, New York County (William J. Davis, J.), entered on or about February 23, 1990, which denied the motion by Additional Respondent-Appellant State Farm Mutual Automobile Insurance Company ("State Farm") for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

State Farm, as a servicing carrier for the New Jersey Automobile Full Insurance Underwriting Association ("JUA"), was properly named as a party in the underlying proceeding to establish the validity of the cancellation of an insurance policy issued to a New Jersey insured who had been involved in a New York motor vehicle accident. It is undisputed that

State Farm had issued both the policy and the cancellation thereof, and that State Farm was a named party for the purpose of establishing insurance coverage only, rather than for determining liability or damages against the alleged insured. The police accident report, indicating that the registered New Jersey driver was insured by State Farm, and the finding by the IAS Court that the purported cancellation of the motor vehicle liability policy by State Farm did not comply with the relevant notice provisions of New York State Vehicle and Traffic Law § 313 or New Jersey Statutes Annotated § 17:29 C-1, shifted the burden of proof to State Farm to establish its affirmative defense that the insurance policy had been properly and effectively cancelled prior to the date of the accident. *(Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886; *Viuker v Allstate Ins. Co.,* 70 AD2d 295, 299.)

We have considered the remaining contentions raised on appeal and find them to be without merit. Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.